Vega, Demandante y Apelante, v. Hernández, Juez
Municipal, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de Guayama en
un procedimiento de *certiorari* contra el juez municipal de
Salinas.

Moción del apelado para que se desestime la apelación por no
haberse radicado la transcripción de autos y por
carecer de finalidad práctica el recurso.

No. 1209.—Resuelto en diciembre 21, 1914.

Certiorari—Apelación Procedente de la Corte de Distrito—Preceptos que
Regulan la Tramitación de la Apelación.—No existiendo en la ley de
*certiorari* de marzo 10, 1904, precepto alguno que regule la tramitación del
recurso de apelación en procedimientos de *certiorari*, dicha tramitación debe
regularse por los mismos preceptos que gobiernan las apelaciones ordinarias
en casos civiles.

Desestimación de Apelación—Certiorari—Radicación de los Autos Origina-
les—Transcripción de Autos.—De acuerdo con el artículo 299 del Código
de Enjuiciamiento Civil, enmendado por la Ley No. 70, de marzo 9, 1911,
en relación con el artículo 40 del Reglamento de esta Corte Suprema, consti-
tuirá el récord de una apelación la certificación que librará el secretario del
tribunal *a quo*, o los abogados de las partes, del legajo de la sentencia y
de la notificación de la apelación, sin que exista precepto alguno que auto-
rice la remisión a este tribunal de los autos originales de un procedimiento
de *certiorari* en sustitución de la certificación expresada, y cuando, como en
el caso de autos, se radican los autos originales y nó dicha certificación, debe
desestimarse la apelación.

Id.—Finalidad Práctica del Recurso.—Habiéndose celebrado las elecciones ge-
nerales el 3 de noviembre de 1914, carece de finalidad práctica la resolución
del presente recurso, pues aun en el supuesto de que procediera la inclusión
del nombre del demandante en la lista de los electores del municipio de
Santa Isabel, no podría ya emitir su voto.

Los hechos están expresados en la resolución.
Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*
El apelante no compareció.

RESOLUCIÓN

Por cuanto, la parte demandante promovió en la Corte de
Distrito de Guayama un procedimiento de *certiorari* contra el
Juez de la Corte Municipal de Salinas con el fin de obtener

su inclusión en la lista de electores del municipio de Santa Isabel, de la cual fué excluída por sentencia de la referida corte municipal de 29 de septiembre de 1914, y dictada sentencia en 8 de octubre de 1914 desestimando la petición de *certiorari*, el demandante interpuso contra ella recurso de apelación, habiendo sido radicados en la secretaría de este tribunal los autos originales tanto de la Corte Municipal de Salinas como de la Corte de Distrito de Guayama.

POR CUANTO, el Fiscal de esta Corte Suprema ha solicitado la desestimación del recurso de apelación por no haberse radicado una transcripción de autos en lugar de los autos originales y por carecer de finalidad práctica la decisión de dicho recurso por haberse celebrado desde el día 3 de noviembre último las elecciones generales en las cuales pretendía emitir su voto el demandante.

POR CUANTO, según el número primero del artículo 295 del Código de Enjuiciamiento Civil enmendado por Ley de marzo 11, 1908, podrá establecerse apelación para ante este Tribunal Supremo contra las resoluciones que dicten las cortes de distrito en un pleito o procedimiento especial, siendo en su consecuencia apelables las resoluciones de las Cortes de Distrito en un procedimiento especial como el de *certiorari*, y que no existiendo en la ley de *certiorari* de marzo 10, 1904, precepto alguno que regule la tramitación del recurso de apelación en procedimientos de *certiorari*, dicha tramitación debe regularse por los mismos preceptos que gobiernan las apelaciones ordinarias en casos civiles.

POR CUANTO, de acuerdo con el artículo 299 del Código de Enjuiciamiento Civil enmendado por Ley No. 70 de marzo 9, 1911, en relación con el artículo 40 del reglamento de esta Corte Suprema, constituirá el récord de una apelación la certificación que librará el secretario del tribunal *a quo* o los abogados de las partes, del legajo de la sentencia y de la notificación de la apelación, sin que exista precepto alguno que autorice la remisión a este tribunal de los autos originales de

un procedimiento de *certiorari* en sustitución de la certificación expresada.

POR CUANTO, habiéndose celebrado las elecciones generales en 3 de noviembre último, carece de finalidad práctica la resolución del presente recurso, pues aun en ·el supuesto de que procediera la inclusión del nombre del demandante en la lista de electores del municipio de Santa Isabel, no podría ya emitir su voto.

POR TANTO, vistos los preceptos legales ya citados, los artículos 303 del Código de Enjuiciamiento Civil y 58 y 60 del reglamento de este tribunal, y la jurisprudencia establecida en los casos de *Ex Parte Sánchez et al* v. *El Pueblo*, 20 D. P., R., 117; *San Juan Hippodrome Co.* v. *Comisión Hípica Insular*, 21 D. P. R., 1; *Post et al.* v. *Veve et al*, 21 D. P. R., 32, y *El Pueblo* v. *Ramírez,* resuelto en noviembre 30 de 1914:

SE DESESTIMA la apelación interpuesta por el demandante contra la resolución de la Corte de Distrito de Guayama de 8 de octubre de 1914, y con devolución de los autos originales a la corte inferior, comuníquesele esta resolución a los efectos procedentes.　　　*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro, Aldrey y Hutchison.