RODRÍGUEZ, DEMANDANTE Y APELADO, *v.* ASAMBLEA MUNICIPAL
DE GUÁNICA, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en
procedimiento de *certiorari.*

No. 2661.—Resuelto en febrero 12, 1923.

*Certiorari*—EXCEPCIÓN PREVIA.—No es la mejor práctica hacer objeción a la pe-
tición de *certiorari* por una excepción previa sino que debe hacerse por mo-
ción en la que admitiéndose la verdad de las alegaciones contenidas en la pe-
tición, se solicite, por insuficientes, la desestimación de la misma.

ID.—*Quo Warranto.*—El recurso de *certiorari* es adecuado para demandar la nu-
lidad de un acuerdo de la asamblea municipal que destituyó al peticionario
del cargo de Comisionado de Instrucción, cuando se alega que la destitución
se realizó mediante procedimientos ilegales, violándose derechos constituciona-
les del peticionario. Aunque la asamblea hubiera nombrado otro comisionado
de instrucción, es el *certiorari* y no el *quo warranto* el recurso adecuado.

ID.—CAUSA DE ACCIÓN.—Una petición de *certiorari* para anular un acuerdo de la
asamblea municipal no es insuficiente por el hecho de que no alegue expresa
o implícitamente que los errores imputados al acuerdo fueron impugnados en
el organismo recurrido.

Id.—Contestación.—No existe disposición legal que autorice una contestación en autos de *certiorari,* puesto que la verdadera contestación en estos procedimientos especiales la constituye el *return.*

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. R. Arjona Siaca.*

Abogados del apelado: *Sres. D. Sepúlveda* y *J. Rosario Gelpí.*

El Juez Asociado Sr. Franco Soto, emitió la opinión del tribunal.

Este es un recurso de *certiorari* en apelación ante esta Corte Suprema.

La Asambla Municipal de Guánica adoptó un acuerdo el día 2 de diciembre de 1921 y por él dispuso la destitución del peticionario del cargo de Comisionado de Instrucción del municipio de Guánica, y como consecuencia de dicho acuerdo el peticionario acudió a la corte inferior mediante una petición de *certiorari* solicitando se anule el referido acuerdo y se le repusiera en su cargo.

En la petición se alega: que el peticionario Clemente J. Rodríguez Carlo desempeñaba desde antes del 20 de noviembre de 1921 el cargo de Comisionado de Instrucción del municipio de Guánica, para cuyo cargo fué legalmente nombrado por la asamblea municipal y habiendo cumplido debidamente las funciones de dicho cargo; que fué separado y destituído ilegalmente del cargo de Comisionado de Instrucción por procedimientos ilegales llevados a cabo por dicha asamblea municipal desde noviembre 20 de 1921 hasta el 6 o 7 de diciembre de 1921, nombrándose para dicho cargo de Comisionado de Instrucción, con carácter interino, a cierto Pedro Nieves, a quien el peticionario no ha hecho entrega del cargo; que los actos llevados a cabo por la Asamblea Municipal de Guánica para destituir al peticionario y nombrar su sucesor son ilegales y por ello contrario a la ley y violan derechos constitucionales por las razones siguientes: (*a*) Porque dos asambleístas no fueron legalmente citados

para la reunión en que se destituyó al peticionario; (*b*) Porque no fué oído y no se le dió oportunidad de confrontarse y repreguntar a los testigos que declararon en su contra ni tampoco para defenderse de los cargos que se le hicieron; (*c*) Porque en los acuerdos tomados por la Asamblea Municipal de Guánica tomaron parte y votaron asambleístas que de acuerdo con el reglamento de la asamblea estaban impedidos de hacerlo; (*d*) Porque la Asamblea Municipal de Guánica abusó de su discreción al privarle defenderse de los cargos que se le hacían sin poder repreguntar a los testigos y presentar su prueba de defensa; (*e*) Porque los cargos formulados contra el peticionario aun siendo ciertos, no eran suficientes para justificar la destitución; (*f*) Porque cinco asambleístas, al tratar este asunto, obraron con pasión, prejuicio y manifiesta parcialidad en contra del peticionario; y se alega, por último, que el peticionario carecía de otro remedio en el curso ordinario de la ley para hacer valer sus derechos.

El auto fué expedido por la corte inferior y en el acto de la vista la demandada presentó las siguientes alegaciones: moción para eliminar; excepción previa por falta de causa de acción; moción para anular el auto y contestación a la petición.

La corte inferior en 4 de enero dictó sentencia anulando el acuerdo de la Asamblea Municipal de Guánica de 2 de diciembre de 1921, y ordenando que el peticionario Clemente J. Rodríguez Carlo sea repuesto en el cargo de Comisionado de Instrucción del municipio de Guánica. De esta sentencia la Asamblea Municipal de Guánica apeló para ante esta Corte Suprema y en su alegato la apelante apuntó como errores:

"I. Declarar sin lugar la moción para anular el auto.

"II. Declarar sin lugar la excepción previa, por falta de causa de acción.

"III. Haber tomado en consideración hechos que no aparecían alegados específicamente como errores del procedimiento en la petición.

"IV. Haberse ordenado que el peticionario sea repuesto en su cargo de Comisionado de Instrucción del municipio de Guánica.

"V. No haber llegado la corte inferior a la conclusión de que el peticionario no fué oído al tomarse el acuerdo de su destitución ni haberle dado la oportunidad de confrontar y repreguntar a los testigos que declaraban en su contra ni para defenderse de los cargos que se le hacían, etc., y tomar, no obstante, como base para su sentencia, en cuanto a la notificación de los cargos, el hecho de que la notificación no fué hecha con tiempo razonable ni haber sido razonable el tiempo concedido para comparecer a la defensa.

"VI. Haber impuesto las costas a la demandada."

No estamos conociendo con jurisdicción original del auto de *certiorari* en este caso. Nos encontramos, sin embargo, sin una exposición del caso o *bill* de excepciones y esto nos imposibilita de tener a la vista para su exámen el record completo (*return*) de las diligencias o procedimientos mediante los cuales actuó la Asamblea Municipal de Guánica y que terminaron con la destitución del peticionario del cargo de Comisionado de Instrucción. De este modo se reduce la acción de esta Corte Suprema a examinar solamente las cuestiones legales que puedan surgir de la petición misma y de las alegaciones presentadas por el apelante en la corte inferior.

Las mociones para eliminar y anular el auto y la excepción de falta de causa de acción fueron dirigidas a la petición inicial y no aparece de los autos que se reprodujeran luego de haberse presentado la petición enmendada. No obstante, está dentro de nuestras facultades considerar la excepción previa de falta de causa de acción. Parece que no es la mejor práctica hacer objeción a la petición de *certiorari* por una excepción previa sino que debe hacerse por moción en la que admitiéndose la verdad de las alegaciones contenidas en la petición, se solicite, por insuficientes, la desestimación de la misma.

"En los Estados donde la vista del caso se celebra por virtud de la petición para que . el auto sea expedido, una excepción previa puede ser considerada como una moción para anularlo, por el fundamento de que, admitiéndose que la petición sea cierta ella no presenta un caso meritorio para el libramiento de un *certiorari*." 11 C. J. pág. 155.

"Una moción para anular el auto por insuficiencia de la petición interesando el mismo es equivalente a una excepción previa a la petición, y de otro modo una excepción a la petición para el auto es equivalente a una moción de desestimación y una sentencia a favor del demandado basada en tal excepción prácticamente es igual a una desestimación." 11 C. J. pág. 187, 188.

La parte apelante parece, no obstante, hacer una diferencia de una y otra alegación y las funda en razones distintas.

La moción para anular se refiere al punto técnico sobre la procedencia del *certiorari* en el sentido de que habiéndose designado un tercero en el cargo de Comisionado de Instrucción del municipio de Guánica no es el *certiorari* el recurso que procede sino el de *quo warranto*. Pero esta argumentación no tiene aplicación al presente caso donde se alega una destitución ilegal y que se realizó mediante procedimientos ilegales, quebrantándose leyes y violándose derechos constitucionales que afectan al peticionario. En tal forma alegada, naturalmente que dichos procedimientos no han tenido el alcance de darle jurisdicción a la asamblea municipal y así presentada la cuestión no es éste el caso para que se deba recurrir a un *quo warranto* que responde a un objeto distinto.

La parte apelante funda la excepción previa de falta de causa de acción en que la petición no alega ni expresa ni implícitamente que los errores imputados al acuerdo de la asamblea municipal habrían sido impugnados en el organismo recurrido.

La cita que hace la apelante, 11 C. J. 151, para sostener su contención no ha sido bien interpretada por la apelante.

Es cierto que también gobierna en materia de *certiorari* la regla general de que cuestiones que no han sido levantadas en la corte inferior u organismo recurrido no pueden suscitarse por primera vez en la corte de apelación, pero para saber si han sido o no levantadas tales cuestiones y objetadas, se hace necesario que se haya traído a la corte de apelación una exposición del caso o *bill* de excepciones, lo que no se ha hecho debidamente en este caso; y sin que tampoco pueda aceptarse la teoría que las objeciones así tomadas tengan necesariamente que alegarse en la petición inicial de *certiorari,* como sostiene la apelante.

El cuarto error es una repetición del primero; y en cuanto a los demás señalados existe la misma dificultad para considerarlos y es la falta de las diligencias o actuaciones (*return*) de la Asamblea Municipal de Guánica y de lo que ya antes hemos hecho mención. No importa que también se haya presentado una contestación por la demandada, toda vez que carece de objeto y no podemos discutir sus méritos en relación con la petición porque no existe disposición legal que autorice una contestación en autos de *certiorari,* puesto que la verdadera contestación en estos procedimientos especiales es lo que ya hemos dicho que constituye el *return.*

"En el procedimiento de *certiorari* no existe alegación formal por parte del demandado. El auto diligenciado hace las veces de contestación en una acción ordinaria, y a veces se le designa como tal. El único oficio que desempeña el auto de *certiorari* de la ley común es hacer que se certifiquen los autos de un procedimiento por una corte inferior a una superior y es el deber del organismo inferior a quien el auto se dirige enviar una transcripción completa de los autos, debidamente certificados, a la corte que concede el auto sin ninguna exposición de hechos que no consten de los autos." *2 Spelling, Injunctions and other Extraordinary Remedies,* pág. 1733.

"El demandado también formuló una contestación a la petición para el auto, negando las alegaciones de dicha petición. Esto fué irregular. El auto diligenciado constituye la contestación, así como

la prueba y el caso se celebra por virtud del mismo, a menos que mediante moción se presente una contestación adicional o enmendada. *Stumpf* v. *San Luis Obispo County,* 131 Cal. 364, 366, 63, P. 663, 82 A. S. R. 350; Compárese el caso de *Carpenter* v. *San Joaquín County Super. Ct.,* 77 Cal. 291, 19 P. 500 donde se sostiene que una contestación no presenta una cuestión esencial de hecho)." 11 C. J. 156, nota 37 (a).

En las condiciones del presente caso, sin récord que examinar, esta corte tiene que presumir que la sentencia de la corte inferior está sostenida por el récord completo de los procedimientos que de la Asamblea Municipal de Guánica tuvo a la vista y por carecer del mismo en esta apelación no podemos llegar a otra conclusión distinta que la que resulta de la sentencia apelada.

Por todo lo expuesto la sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.