PIOVANETTI, DEMANDANTE Y APELANTE, *v.* ASAMBLEA MUNICIPAL DE YAUCO, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de Ponce en recurso de *certiorari*.

No. 2847.—Resuelto en febrero 19, 1923.

CONSOLIDACIÓN DE DEPARTAMENTOS MUNICIPALES—ABOLICIÓN DE CARGOS MUNICIPALES.—Un cargo municipal no es una propiedad en sentido constitucional, y la legislatura puede suprimir un cargo durante el término para el cual el interesado fué elegido o nombrado sin infringir ninguno de sus derechos constitucionales. Así también, un cargo creado por ordenanza municipal puede ser suprimido por ordenanza, y el interesado deja de ser un funcionario. Aun cuando un funcionario debido al hecho de haber sido nombrado por un término definido o por un precepto especial del estatuto, no puede ser legalmente destituído a menos que sea por causa justificada, después de una audiencia, su cargo puede ser sumariamente suprimido siempre que las debidas autoridades municipales lo consideren conveniente. 19 R. C. L. 936.

*Certiorari*—SU EXTENSIÓN—MOTIVOS DEL LEGISLADOR.—En la revisión de actos legislativos de las asambleas municipales mediante el *certiorari* que autoriza el artículo 65 de la Ley Municipal, sólo debe investigarse si la asamblea tuvo o no jurisdicción, o se excedió en el ejercicio de la misma, o el procedimiento adoptado para ejercitarla fué erróneo, o actuó *ultra vires*. Pene-

trar en los motivos del legislador, es traspasar el poder conferido a las cortes en estos casos.

Id.—Contestación al *Certiorari—Return.*—Del hecho de que no se presente una contestación en oposición a la petición de *certiorari,* no puede inferirse una admisión a los hechos alegados en la petición. En el *certiorari,* el *return* hace las veces de contestación.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. C. del Toro Fernández.*

Abogado de la apelada: *Sr. C. Brunet.*

El Juez Presidente Sr. del Toro, emitió la opinión del tribunal.

La Asamblea Municipal de Yauco, en mayo de 1922, aprobó una ordenanza cuya parte dispositiva dice así:

"Por tanto, resuélvase por la Asamblea Municipal de Yauco, P. R.—Sección 1.—Que en virtud de la facultad que les otorga a las Asambleas Municipales el *Disponiéndose* del artículo 29 de la vigente Ley Municipal, aprobada en 12 de julio de 1920, se consolida y por la presente quedan consolidados el Departamento Municipal de Instrucción Pública con el de Beneficencia, cuyo Departamento se nominará del 1 de julio de 1922 en adelante, 'Departamento Municipal de Beneficencia e Instrucción Pública.' "

Domingo Piovanetti, que desempeñaba el cargo de comisionado municipal de instrucción, considerándose perjudicado por la ordenanza pidió, mediante *certiorari,* a la Corte de Distrito de Ponce que decretara su nulidad. La corte expidió el auto, oyó a las partes y finalmente, en junio 22, 1922, dictó sentencia declarando sin lugar la solicitud y anulando el auto expedido. Contra esa sentencia interpuso Piovanetti el presente recurso de apelación.

El recurso ejercitado por el apelante en la corte de distrito fué el que autoriza el art. 65 de la Ley Municipal vigente, letra (*a*), a saber:

"Art. 65.—Las Cortes de Distrito tendrán jurisdicción a instancia de parte perjudicada—

"(*a*) Para anular o revisar cualquier acto legislativo ó administrativo de la asamblea municipal o concejo de administración o de los comisionados, que lesione derechos constitucionales de los

querellados o sea contrario a la Ley Orgánica o a las Leyes de Puerto Rico, mediante *certiorari*;''

¿Lesionó la ordenanza en cuestión los derechos constitucionales de Piovanetti o es contraria a la Ley Orgánica o a las Leyes de Puerto Rico? La corte de distrito estimó que no. Veamos si estuvo acertada en su criterio.

El artículo 29 de la ley estableciendo un gobierno local y reorganizando los servicios municipales, aprobada en julio 31, 1919, dice en lo pertinente así:

''Art. 29.—El concejo de administración se compondrá de:

''1. Un comisionado municipal de servicio público, policía y prisiones;

''2. Un comisionado municipal de sanidad y beneficencia;

''3. Un comisionado municipal de hacienda;

''4. Un comisionado municipal de obras públicas;

''5. Un comisionado municipal de instrucción pública.

''*Disponiéndose*, que no se creará por la asamblea municipal ningún otro departamento administrativo no provisto por este Artículo; pero la asamblea municipal, en los municipios de segunda y tercera clase, podrá consolidar departamentos; sin que en ningún caso puedan ser menos de tres los departamentos en ningún municipio.'' * * *

Esta disposición de la Ley Municipal fué enmendada por las leyes números 9 y 60 de 1920 y 1921, pero los párrafos que transcribimos no sufrieron modificación.

Es tan clara la facultad que la ley confiere a la asamblea municipal para hacer lo que hizo en este caso, que está desprovisto de todo fundamento el ataque que pueda dirigirse a la ordenanza en el sentido de que es contrario a la ley.

¿Lesionó la asamblea, al ejercitar sus facultades, los derechos constitucionales del querellado? Opinamos que no.

*Ruling Case Law,* resumiendo la jurisprudencia sobre abolición de cargos municipales, dice:

''Un cargo municipal no es una propiedad en sentido constitucional, y la legislatura puede suprimir un cargo durante el término

para el cual el interesado fué elegido o nombrado sin infringir ninguno de sus derechos constitucionales. Así también, un cargo creado por ordenanza municipal puede ser suprimido por ordenanza, y el interesado deja de ser un funcionario. Aun cuando un funcionario debido al hecho de haber sido nombrado por un término definido o por un precepto especial del estatuto, no puede ser legalmente destituído a menos que sea por causa justificada después de una audiencia, su cargo puede ser sumariamente suprimido siempre que las debidas autoridades municipales lo consideren conveniente.'' 19 R. C. L. 936.

Y esta misma Corte Suprema, en el caso de *Belaval* v. *Todd,* 24 D. P. R. 37, se expresó así:

''La interpretación dada por esta corte a la sección 32 en el sentido de que una vez nombrado un empleado no puede ser destituído sino por justa causa y previa notificación y audiencia del interesado, no niega en manera alguna la facultad de los concejos municipales para abolir los cargos por ellos creados. Si una persona se nombra para un cargo creado por el concejo, esa persona tiene derecho a desempeñar el empleo de acuerdo con la ley mientras el empleo subsista; pero si el empleo es abolido, cae por su base el nombramiento y el nombrado no tiene derecho alguno en contra de la municipalidad.''

¿Se apartó al ejercitar sus facultades la asamblea, del procedimiento fijado por la ley? Nada hay en los autos que lo demuestre. Pero el apelante insiste en que la asamblea actuó incorrectamente, siendo el verdadero motivo de la consolidación no el bien del servicio público, sino la separación ilegal del querellado del puesto para el cual había sido elegido debidamente.

No le es dable a la corte entrar en ese terreno. Es cierto que la Legislatura de Puerto Rico fué tan lejos que ha permitido la revisión, no ya de los actos administrativos sí que también de los legislativos de las asambleas municipales, pero al intervenir las cortes en esa revisión mediante *certiorari,* deben actuar con sujección a los principios bien establecidos por la jurisprudencia.

v

Sólo debe investigarse si la asamblea tuvo o no jurisdicción, o se excedió en el ejercicio de la misma, o el procedimiento adoptado para ejercitarla fué erróneo, o actuó *ultra vires.* Penetrar en los motivos del legislador, es traspasar el poder conferido a las cortes en estos casos.

"Las cortes no inquirirán los motivos de un cuerpo legislativo." *State ex Rel. Voris* v. *Seattle,* 74 Wash. 199, 133 Pac. 11.

No es necesario examinar los demás errores que señala el apelante. No aparecen del *return.* Del hecho de que no se presentara una contestación en oposición a la petición, no se puede inferir, como alega el apelante, una admisión a todo lo expuesto en la petición de *certiorari.* No se trata de un procedimiento ordinario sino de uno extraordinario de *certiorari* en el que el record completo de los procedimientos o diligencias (*return*) en virtud de los cuales actuó la Asamblea Municipal de Yauco constituye la verdadera contestación. Véase *Rodríguez* v. *Asamblea Municipal de Guánica,* decidido en 12 de febrero de 1923, (p. 493).

Por las razones expuestas, debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey. Hutchison y Franco Soto.