La Asamblea Municipal de Santa Isabel, peticionaria, *v.* Corte de Distrito de Guayama, Hon. Rafael López Antongiorgi, Juez, demandado.

No. 561.—*Visto:* Marzo 7, 1927. *Resuelto:* Mayo 10, 1927.

Certiorari—Procedimientos y Resolución—Apelación de Sentencias en Procedimientos de Certiorari—Récord—Exposición, Pliego o Transcript de Evidencia—Inclusión del Return.—El *return,* desde el momento en que se archiva, forma parte del legajo de la sentencia. En tal virtud, en caso de apelación, no es necesario incluirlo en una exposición, pliego o transcripción de la evidencia, para elevarlo al Supremo.

Certiorari para revisar resolución de *Rafael López Antongiorgi, J.* (Guayama), negándose a aprobar una exposición del caso. *Anulado el auto expedido y devuelto el caso para ulteriores procedimientos.*

*Leopoldo Tormes,* abogado de la peticionaria; *Tomás Bernardini de la Huerta,* abogado del interventor.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Sinforiano Burgos estableció en la Corte de Distrito de Guayama un procedimiento de *certiorari* contra la Asamblea Municipal de Santa Isabel. La corte resolvió de conformidad con el peticionario y la asamblea apeló, y para perfeccionar el recurso preparó una exposición del caso que contiene copia de los siguientes documentos: el auto, el certificado del márshal de haberlo diligenciado y el *return.* El juez señaló día para oir a las partes. El peticionario solicitó que la exposición no fuera aprobada porque "en casos como el presente, en que no es permisible practicarse, ni se ha practicado prueba aliunde; ni existen más cuestiones de hecho que las que arrancan del "return", ni se han

planteado sino cuestiones de derecho cuyas resoluciones son excepcionables por ministerio de la ley, es improcedente que el recurso de apelación entablado se ventile previa y mediante la aprobación de un pliego de excepciones y exposición del caso, como se pretende por el apelante; ya que el récord en apelación en casos como el presente, está constituído por la transcripción de los autos, tales como, unidos al 'return', han sido considerados por esta Hon. Corte.''

Y el juez se negó, en efecto, a aprobar la exposición.

Sostiene la parte apelante que el error de procedimiento cometido por el juez es manifiesto y cita en su apoyo la decisión de esta corte en el caso de *Rodríguez* v. *La Asamblea Municipal de Guánica,* 31, D.P.R. 133.

La Jurisprudencia tal como quedó establecida en dicho caso, es como sigue:

''Aquellos documentos que no forman parte del legajo de la sentencia conforme el art. 233 del Código de Enjuiciamiento Civil, sólo pueden ser traídos ante el Tribunal Supremo mediante un pliego de exposición del caso o de excepciones aprobado por la Corte inferior o mediante una transcripción hecha por el taquígrafo y aprobada en igual forma, y de no serlo deberán ser eliminados. . . . .''

El principio sentado lo está claramente de acuerdo con la ley y la práctica sobre la materia. Es la aplicación del mismo a los hechos del caso en que fué establecido lo que favorece a la peticionaria. La Asamblea Municipal de Guánica apeló en un procedimiento de *certiorari* seguido contra ella en la Corte de Distrito de Ponce. Preparó una transcripción certificada por los abogados y en ella incluyó ''los cargos formulados contra el peticionario ante la Asamblea Municipal de Guánica y las diligencias por ésta practicadas que culminaron en su destitución, todo lo que el secretario de la asamblea municipal en copias certificadas remitió a la corte por orden de ésta'' y la Corte Suprema decidió que dichos cargos y diligencias debían eliminarse por no haberse incorporado en una exposición del caso, y como la copia certificada de los repetidos cargos y diligen-

cias constituía el *return,* de hecho se decidió que el *return* no formaba parte del legajo de la sentencia y para ser elevado a esta corte tenía que incorporarse en una exposición, pliego, o transcripción tramitados en la forma fijada por la ley con la intervención del juez sentenciador.

¿Se aplicó debidamente la regla a los hechos del caso? Si la pregunta puede contestarse en la afirmativa, no tuvo razón la Corte de Distrito de Guayama al negarse a aprobar la exposición que se le presentara en este caso concreto que está ahora sometido a nuestra consideración y resolución. Si no puede, debemos aclarar nuestro criterio y confirmar el de la Corte de Distrito de Guayama.

En ninguna parte de la citada opinión en el caso de *Rodríguez* v. *Asamblea Municipal de Guánica,* 31 D.P.R. 133 se usa la palabra *return,* ni se estudia la naturaleza del mismo.

No obstante la eliminación, el recurso siguió tramitándose y meses después, al resolverlo, esta misma corte dijo:

"No existe disposición legal que autorice una contestación en autos de certiorari puesto que la verdadera contestación en estos procedimientos especiales la constituye el "return."
*Rodríguez* v. *Asamblea Municipal de Guánica,* 31 D.P.R. 493.

Este concepto del *return* fué reafirmado en el caso de *Piovanetti* v. *Asamblea Municipal de Yauco,* 31 D.P.R. 522, así:

"Del hecho de que no se presente una contestación en oposición a la petición de *certiorari,* no puede inferirse una admisión a los hechos alegados en la petición. En el *certiorari,* el "return" hace las veces de la contestación."

Y parece una consecuencia lógica de esa jurisprudencia que si el *return* tiene el carácter de una contestación, desde el momento en que se archiva entra a formar parte del legajo de la sentencia y no es necesario para elevarlo al Supremo incluirlo en una exposición, pliego o transcripción preparada por el taquígrafo.

La cuestión de que el *return* forma parte del legajo de la sentencia no ofrece duda alguna en California. En Puerto Rico nada dice el estatuto pero allí expresamente lo dispone así la ley. La sección 1077 del Código de Enjuiciamiento Civil de dicho estado dice:

"Una copia de la sentencia, firmada por el Secretario, contenida en o unida al auto y al *return,* constituyen el legajo de la sentencia."

Lo mismo sucede en otros estados como en South Dakota. En el caso de *Van Den Bou* v. *Board of Com.'rs,* 76 N. W. 935, la Corte Suprema dijo:

"Esta es una apelación de una sentencia dictada por la Corte de Circuito en un procedimiento de *certiorari.* . . . . Como la apelación lo fué de la sentencia, era el deber del Secretario de la Corte de Circuito transmitir a esta Corte el legajo de la sentencia. Id. 5217. En estos procedimientos el legajo de la sentencia consiste en la sentencia, el auto y el *return.* Id. 5516."

Como hemos indicado nuestra ley autorizando la expedición de autos de *certiorari* guarda silencio sobre la forma en que las apelaciones deben tramitarse y esto llevó a esta Corte Suprema a establecer desde el 1914 la siguiente doctrina:

"No existiendo en la ley de *certiorari* de marzo 10, 1904, precepto alguno que regule la tramitación del recurso de apelación en procedimientos de *certiorari,* dicha tramitación debe regularse por los mismos preceptos que gobiernan las apelaciones ordinarias en casos civiles."

"De acuerdo con el artículo 299 del Código de Enjuiciamiento Civil, enmendado por la Ley No. 70, de Marzo 9. 1911, en relación con el artículo 40 del Reglamento de esta Corte Suprema, constituirá el récord de una apelación la certificación que librará el secretario del Tribunal *a quo,* o los abogados de las partes, del legajo de la sentencia y de la notificación de la apelación, sin que exista precepto alguno que autorice la remisión a este tribunal de los autos originales de un procedimiento de *certiorari* en sustitución de la certificación expresada, y cuando, como en el caso de auto se. radi-

can los autos originales y no dicha certificación debe desestimarse la apelación."

*Vega* v. *Hernández,* 21 D.P.R. 533.

Es cierto que resumiendo la jurisprudencia, aparece en Corpus Juris la siguiente cita:

"Para que pueda haber una revisión de supuestos errores los autos deben contener un pliego de excepciones en debida forma". 11 C. J. 220.

Hemos examinado los casos de la nota que sostienen la cita que nos ha sido dable encontrar y la verdad es que no aclaran mucho la cuestión. Quizá puedan imaginarse casos excepcionales en que sea absolutamente necesario un pliego de excepciones o una exposición del caso, pero la verdad es que dada la naturaleza del auto de *certiorari* si se considera que el *return* forma parte del legajo de la sentencia, como creemos que debe considerarse, huelgan la exposición y el pliego.

Siendo ello así la pregunta formulada debe contestarse en la negativa y en tal virtud confirmarse el criterio de la corte de distrito ya que los hechos demuestran que la exposición fué preparada únicamente a los efectos de incluir en ella el *return.*

Ahora bien, como nuestra decisión en el caso de *Rodríguez* v. *La Asamblea Municipal de Guánica,* 31 D.P.R. 133, pudiera haber inducido a la peticionaria a preparar la exposición, ejercitaremos la discreción de que estamos investidos para permitir que se archive el legajo de la sentencia debidamente certificado a los efectos de la apelación interpuesta, dentro de treinta días contados a partir de esta fecha.

En tales condiciones *se anula el auto expedido y se devuelve el caso* a la corte de su origen para ulteriores procedimientos no inconsistentes con esta opinión.