GILBERTO GONZÁLEZ PÉREZ Y OTROS, demandantes y recurridos, *v.* GOBIERNO MUNICIPAL DE GUAYNABO Y OTROS, demandados y recurrentes.

*Número*: R-72-96      *Resuelto*: 26 de octubre de 1973

*Antonio Bauzá Torres* y *Miguel O. Bauzá Torres,* abogados del Municipio de Guaynabo; *Carlos Pérez Padilla* y *Víctor Miguel Casal,* abogados de los recurridos.

PER CURIAM: Haciendo uso de la facultad conferida por el Art. 43 de la Ley Municipal (Ley Núm. 142 de 21 de julio

de 1960—21 L.P.R.A. sec. 1262),(¹) la Asamblea Municipal de Guaynabo creó, mediante ordenanza, un cargo *adicional* de funcionario administrativo con sueldo de $600 mensuales, para el cual el Alcalde nombró al recurrido asignándole funciones como su ayudante ejecutivo. Unos once meses después, la Asamblea derogó la ordenanza creadora y abolió el cargo. El funcionario afectado recurrió al Tribunal Superior que declaró nula e ineficaz la última ordenanza por cuanto tenía efecto de remover sin justa causa ni formulación de cargos al funcionario administrativo cuyo término es igual al del Alcalde nominador (Art. 44, Ley Municipal),(²) y ordenó al Municipio restablecer el cargo y reponer a su incumbente. Decidimos revisar.

La Asamblea Municipal, al igual que la Asamblea Legislativa en su mayor ámbito, debe tener y tiene facultad para crear cargos administrativos y abolirlos según convenga a las circunstancias cambiantes en que se prestan por el Municipio a sus vecinos los servicios públicos dentro de normas dirigidas al mejor aprovechamiento de los dineros del pueblo. A los fines de lograr la adaptación de los cargos al tipo de servicio público que ha de prestarse y a la necesidad que ha de atenderse, el poder legislativo en ocasiones hace ensayos o pruebas hasta llegar tras las modificaciones necesarias a la solución final. En el caso que ahora nos ocupa la Asamblea Municipal

---

(¹) Art. 43, Ley Municipal

"No obstante lo dispuesto en la sección anterior, la asamblea municipal podrá crear los cargos *adicionales* de funcionarios administrativos que fueren necesarios para llevar a cabo una administración eficiente. La asamblea municipal determinará, mediante ordenanza, las funciones de los cargos creados por ella y los requisitos que deberán reunir los funcionarios administrativos que hayan de ocupar dichos cargos . . . ." (Énfasis nuestro.)

(²) Art. 44, Ley Municipal

"El alcalde nombrará todos los funcionarios administrativos con el consejo y consentimiento de la asamblea municipal y éstos desempeñarán sus cargos por el término para el cual el alcalde hubiese sido electo o nombrado, o hasta que sus sustitutos hubieren tomado posesión, a menos que fueren destituidos por justa causa, previa formulación de cargos . . . ."

al crear el nuevo cargo de funcionario administrativo no le señaló término de duración y la evidencia demuestra que tanto el Alcalde como la Asamblea, insatisfechos por la resultante duplicidad de funciones ejecutivas y falta de aportación práctica del nuevo cargo al programa de gobierno de la Administración Municipal, tomaron la decisión correcta de abolirlo, (³) y emplear la partida de sueldo en obras de mayor

(³) El 9 de diciembre de 1970 el Alcalde dirigió un memorando a la Asamblea, que copiamos:

"En vista de la situación de emergencia creada por el cambio de administración a raíz de las elecciones de 1968, me vi en la necesidad de solicitar la creación de una plaza de Funcionario Administrativo (Ayudante Administrativo) dentro del grupo 220 (Administración Alcaldía). La situación de necesidad de dicha plaza ha terminado y la misma no le es necesaria al alcalde. Prácticamente la plaza no está rindiendo utilidad al municipio de Guaynabo. Como sé la gran preocupación que tiene la Hon. Asamblea Municipal de Guaynabo de que el dinero de los contribuyentes beneficie hasta el máximo a todos los ciudadanos de Guaynabo, les informo esta situación a los fines de que ustedes tomen aquella acción que estimen conveniente.

"Actualmente la plaza de Funcionario Administrativo (Ayudante Administrativo) tiene asignada la suma de $6,000.00 que bien podrán ser invertidos en otros fines de mayor utilidad."

Y en la Ordenanza Núm. 21 de 16 de diciembre de 1970 aboliendo el cargo se expresó así la Asamblea:

"Por cuanto: Mediante la Ordenanza Núm. 22, Serie 1968–69, esta Asamblea Municipal creó el cargo de Funcionario Administrativo cuya labor primordial es ayudar directamente al Honorable Alcalde de este Municipio en sus funciones ejecutivas.

"Por cuanto: En la práctica, el cargo de Funcionario Administrativo ha resultado superfluo e inoperante debido a la duplicidad que existe entre las funciones del Honorable Alcalde y las labores que desempeña el funcionario que cubre esta posición.

"Por cuanto: Se ha comprobado a satisfacción de la buena labor del Gobierno Municipal de Guaynabo que el desempeño de este cargo se debe obviar ya que en la práctica el mismo se confunde con las funciones, deberes y atribuciones que la Ley Municipal Núm. 142 dá al Alcalde como primer ejecutivo del Municipio.

"Por cuanto: Es innecesario el cargo de Ayudante Administrativo del Alcalde y los sueldos que se van a pagar por el desempeño de dicho cargo deben ser utilizados para cumplir necesidades económicas apremiantes de este Municipio.

"Por cuanto: Actualmente hay varias partidas del Presupuesto para el año económico 1970–71, que han mermado considerablemente en sus

utilidad para el pueblo. Toma relieve el hecho de que la Ley Municipal al autorizar la creación de estos cargos administrativos *adicionales* los cualifica como "necesarios para llevar a cabo una administración eficiente." Art. 43, Ley Municipal citada (21 L.P.R.A. sec. 1262).

Si bien la Asamblea Municipal no puede suprimir ni reglamentar los cargos de funcionarios administrativos establecidos por la Ley Municipal,[4] sí puede crear, reglamentar y abolir según determine su buen juicio y criterio los llamados cargos adicionales de funcionarios administrativos facultad que deriva del Art. 43 de la Ley Municipal (21 L.P.R.A. sec. 1262), y que en su expresada condición de que "fueren necesarios para llevar a cabo una administración eficiente" representa una concesión autonómica por la Asamblea Legislativa a los municipios. Si esa autonomía municipal tiene algún significado y si la norma de eficiencia administrativa es lo que dirige la creación de estos cargos adicionales, debe reservarse al gobierno municipal facultad plena para decidir sobre la preservación o abolición de los mismos según convenga a los mejores intereses del pueblo servido, sin que sea obstáculo para tal actuación por la Asamblea Municipal el que dichos cargos de creación municipal tengan corriente-

---

fondos para cumplir con las obligaciones para las cuales fueron creadas."

[4] Art. 42, Ley Municipal (21 L.P.R.A. sec. 1261).

"Los funcionarios administrativos, serán los que se expresan a continuación:

(a) En los municipios cuyos presupuestos sean mayores de cuatro cientos mil (400,000) dólares y cuya población, de acuerdo con el último censo oficial, exceda de cuarenta y cinco mil (45,000) habitantes:

    (1) Alcalde

    (2) Secretario

    (3) Director de Finanzas

(b) En los demás municipios:

    (1) Alcalde

    (2) Secretario-Auditor

    (3) Tesorero"

mente la duración señalada por el Art. 44 de la Ley a los de Alcalde, Secretario, Director de Finanzas, Secretario-Auditor, y Tesorero, creados por la Asamblea Legislativa. Queda salvado el principio de que la abolición del cargo responda a legítimos fines de mejorar el servicio público, y que no sea subterfugio para encubrir una destitución sin justa causa previa formulación de cargos. (*Centeno Rivera* v. *Pacheco de Algarín*, 94 D.P.R. 528, 533 (1967).) Ni en las conclusiones del juez de instancia ni en la evidencia admitida encontramos motivación distinta a las razones de buena administración pública expresadas en el memorando del Alcalde y en la propia Ordenanza aprobada por la Asamblea.

█ No se excedió la Asamblea Municipal, órgano creador del cargo, en su facultad inherente de abolirlo; *Belaval* v. *Todd*, 24 D.P.R. 26, 37 (1916); ni tiene el recurrido un derecho de propiedad sobre el cargo que limite la acción de la Asamblea. *Piovanetti* v. *Asamblea Municipal de Yauco*, 31 D.P.R. 522, 525 (1923).

*Se revocará la sentencia revisada.*