JERAULD COUNTY v. WILLIAMS, *et al.*

1. Notice of a motion in an action in which there are numerous defendants
   named in the pleadings is sufficient which gives the names of the first-
   named defendant, followed by the abreviation "*et al.*," in the ab-
   sence of proof that the adverse party has in any way been misled or
   prejudiced by the failure to insert the names of all the defendants.

2. An order of reference made under the provisions of the statute, as they
   existed prior to 1889, and made upon due notice, the adverse party not
   appearing at the hearing or interposing any objections to the making
   of the order, and no motion having been made to vacate or set aside
   the order, though several months elapsed between the making of the

order and the hearing before the referee, will be presumed to have been made with the consent of such opposite party, and will be *held* a valid and binding order.

3. And, where it is not stated in the abstract that there was no "agreement of the parties filed with the clerk or entered in the minutes," this court will presume such agreement was so made and filed or entered. Kent v. Insurance Co., 50 N. W. 85, 2 S. D. 306, followed.

4. Where a civil action is brought by the state's attorney in his official capacity in the name of the county, against the treasurer of the county and his sureties, to recover money alleged to be due from such treasurer to the county, a court will presume, in the absense of an affirmative showing to the contrary, that the action was brought by order of the county commissioners of the county.

5. If the county recover judgment in such action, the judgment may include the 20 per cent. penalty specified in section 617, Comp. Laws, as against the sureties as well as the principal.

(Syllabus by the Court.    Opinion filed June 22, 1895.)

Appeal from circuit court, Jerauld county.   Hon. D. HANEY, Judge.

Action on a county treasurer's bond.   From a judgment for plaintiff, entered on the report of a referee, defendants appeal. Affirmed.

The facts are stated in the opinion.

*A. B. Melville* and *M. C. Ayers*, for appellants.

A county has no power to bring suit, only as such power is conferred by statute, and the statute must be strictly followed. Sections 617 and 1656 Comp. Laws; State v. Aberdeen, 9 Neb. 429.   Special provisions of a statute in regard to a particular will prevail over the general provisions in the same or other statute, so far as there is a conflict. 15 U. S. Dig. Section 40; Jones v. State, 14 Ark. 170; Lee v. State, 22 Ark. 231; People v. Gosper, 3 Neb. 310; McCann v. McClellan 2 Id. 289; Pelt v. Pelt, 19 Wis. 193.

*C. W. McDonald* and *A. Converse* for respondent.

An omission to obtain leave from the court to sue, when leave is necessary, is a mere irregularity in practice and not an element of the cause of action, 2 Wait's act. and Def. 43, Bouck v.

Risly 19 N. Y. 369; Lane v. Solten, 4 Rab. 230. It may be taken advantage of by moving to set aside the summons and complaint. Finch v. Carpenter, 5 abb. 925. If a person tacitly encourages an act to be done, or silently consents to it, he cannot afterward exercise his legal right in opposition to such consent, Blackwood v. Jones, 4 Jones N. C. Eq. 54; Hollingsworth v. Handcock, 7 Fla. 338; Morris v. Lewis, 12 N. J. Eq. 323; Gregg v. Wells, 10 Ad. and El. 90; Miranville v. Silverthorn, 48 Pa. St. 149; Chapman y. Chapman, 59 Id. 214; Niven v. Belknap, 2 Johns. 573; Hall v. Fisher, 9 Barb. 17. The authority of an attorney at law to appear for parties for whom he enters an appearance in an action will be presumed where nothing to the contrary appears. Hayes v. Shattuck, 21 Cal. 51; Wilson v. Cleveland, 30 Id. 192; Holmes v. Rogers, 13 Id. 191. The adverse party cannot deny the attorney so appearing has full authority to prosecute the suit. Turner v. Caruthers, 17 Cal. 431.

CORSON, P. J. This was an action upon the county treasurer's official bond, to recover the amount claimed to be due from such treasurer, who had absconded. The answer was a general denial. On motion of the plaintiff, upon due notice duly served, the court referred the case to a referee, with directions to report findings of fact to the court. The case was heard by the referee, who found the facts, which were adopted by the court as its findings, and conclusion of law stated by the court, upon which a judgment was rendered in favor of the plaintiff for the sum of $1,226.20. From this judgment the defendants appeal. There are numerous errors assigned, but, as the counsel for appellants has only discussed four of them in his brief, we shall confine ourselves to the consideration of those errors only discussed in the brief of counsel.

The learned counsel for appellants contends that the notice of the motion for a referee was insufficient, in that the title of the case was simply "Jerauld County v. W. J. Williams *et al.*"; but, as it was not shown and is not claimed that there was any other

action pending in that court wherein Jerauld county was plaintiff and W. J. Williams and others were defendants, we are of the opinion that the notice was sufficient. It would be imposing an unnecessary burden upon attorneys, in cases where there are numerous parties, to require them in notices of every motion in the proceedings to give the full title. If the full title is given in the pleadings, and there are no other cases pending in the court having a similar title, we fail to see how the opposite party or attorney could be misled or prejudiced by a failure to insert the names of all the parties plaintiff and defendant. The practice adopted in this case is the usual one in the courts of this state, and we see no objection to it.

The second point made by the learned counsel for appellants is that the court had no authority to refer the actions, as the action was one at law, and not in equity, and it did not appear that there was any agreement of the parties filed or entered in the minutes. There would have been much force in this objection if the counsel had appeared and contested the application, but failing to appear after due notice that such an application would be made, and oppose the motion, was a tacit consent that such an order might be made; and it appears from the record that several months elapsed after the order was made before the hearing by the referee, and no motion was made to vacate or set aside the order. In view of the facts, therefore, as they appear in the record, we are of the opinion that the defendants waived their right to object to the order before the referee or before this court.

But there is a further and more conclusive ground upon which the order can be sustained in this court, and that is that the record does not affirmatively show that there was not an "agreement of the parties filed with the clerk or entered in the minutes." In such case this court will presume, in support of the order and judgment, that such an agreement was made. Kent v. Insurance Co., 2 S. D. 300, 50 N. W. 85. In that case this court held that it "is only when the record affirmatively shows error that this court will revise the judgment."

The third contention of counsel is that it did not affirmatively appear by the complaint that the action was brought by direction of the county commissioners. The authority of an attorney to institute an ordinary civil action will be presumed, in the absence of proof to the contrary. The complaint is signed T. H. Null, district attorney and attorney for the plaintiff. His authority as such district attorney to bring the action sufficiently appears without a formal allegation that he did so by the direction of the county commissioners or clerk. Furthermore, it does affirmatively appear from respondent's additional abstract that the board of county commissioners did direct that such suit be commenced, and that such board did so far as it was able, examine the treasurer's books. If it was necessary, this court could direct the complaint to be amended to conform to the proofs. But, in our opinion, such an amendment is not required.

It is further contended that the sureties were not liable for the penalty provided by sectiom 617, Comp. Laws. But we cannot agree with counsel in his contention. When the treasurer absconded without paying over to the county the moneys in his hands belonging to such county, there was a breach of his official bond, and the damages in case of such breach are definitely fixed by section 617, Comp. Laws. That section reads as follows: "If any person thus chargeable shall neglect or refuse to render true accounts or settle as aforesaid, the county commissioners shall adjust the accounts of such delinquent according to the best information they can obtain, and ascertain the balance due the county, and order suit to be brought in the name of the county therefor; and such delinquent shall not be entitled to any commission, and shall forfeit and pay to the county a penalty of twenty per cent. on the amount of funds due the county." The sureties could not reasonably claim that the treasurer's commissions should be allowed as to them, though not allowed as to the treasurer. We think it is also clear that the sureties are liable for the penalty. In assuming the liabilities of sureties, they necessarily assumed the liability of such damages as the county might suffer and be entitled

to recover by reason of their principal's breach of the bond. This, as before stated, the law definitely fixes at 20 per cent. on the amount of the officer's delinquency. When the sureties entered into the contract, the law definitely fixed the liability of the treasurer, and they must be presumed to have contracted with reference to that liability. This precise question was passed upon by the supreme court of Illinois in Tappan v. People, 67 Ill. 339. In the statute referred to in that case (section 46, School Act 1857), the provision was: "And the said collector so in default shall pay` twelve per cent. upon the amount due, to be assessed as damages, which shall be included in the judgment rendered against him." In discussing that clause of the section the court says; "It is insisted, further, that this twelve per centum on the amount of the taxes due is recoverable only against the collector himself, and that the remedy for its recovery is not by an action upon the bond but by a special proceeding under that section. The proceeding contemplated by the section is one by an action of debt against the collector and his securities, and we must intend it to be one upon the bond, wherein is to be found the obligation which the sureties have assumed. It would be an anomalous proceeding to charge sureties in a bond otherwise than by virtue of their bond, and in an action thereon for its breach, and we cannot suppose that any different proceeding against the collector and his sureties than one upon the bond was contemplated by the statute, in the absence of language expressly so declaring. Although the language of the section is that the collector so in default shall pay twelve per centum. etc., to be assessed as damages, which shall be included in the judgment rendered against him, we cannot think it was intended that, in a joint action against the collector and his sureties, there should be a joint judgment against them all for the taxes collected, and a seperate judgment against the collector alone for this per centage. That would be in violation of the legal rule that in a joint action on a contract there can be but one judgment, and that against all the defendants. Although the statute speaks only of a judgment against the collector, we do

not understand that to preclude the idea that there may be a judgment against the sureties also with him. The majority of the court are of the opinion that this percentage is recoverable against the collector and his sureties in an action upon the bond."

Finding no error in the judgment, the same is in all things affirmed.

FULLER, J., concurs. KELLAM, J., took no part in the decision.