## STATE *v.* WELBES *et al.*

1. Comp. Laws, § 96, makes it the duty of the attorney general, at the request of the governor, auditor, or treasurer, to prosecute any official bond upon a breach thereof; and it will be presumed, where an action is begun by the attorney general in behalf of the state on the official bond of a county treasurer to recover taxes collected by him, that the attorney general was requested to prosecute the action.

2. The state is the proper party to bring an action upon a county treasurer's bond for the recovery of taxes collected.

3. Comp. Laws, § 1644, providing that county treasurers may pay the funds collected by them into the state treasury "by draft," is repealed by Laws 1891, Chap. 113, which provides that "the county treasurer shall forward to the state treasurer * * * the total amount of the tax collected for the state," and further provides that "all acts or laws or parts of acts or laws in so far as they conflict with the provisions of this act are hereby repealed," and Chapter 14 of which is a revision of the subject of assessment and taxation, from which Section 1644 is omitted.

(Opinion filed June 14, 1898.)

Appeal from circuit court, McCook county. Hon. JOSEPH W. JONES, Judge.

Action by the state to recover on the official bond of the county treasurer of McCook county, S. D., the amount of certain state taxes collected by him and not received by the state treasurer. Defendants appeal from an order overruling a demurrer to the complaint. Affirmed.

The facts are stated in the opinion.

*A. C. Biernatzki* and *Aikens, Bailey & Voorhees,* for appellants.

*Melvin Grigsby,* Attorney General, for respondent.

HANEY, J. This is an action on the official bond of a county treasurer to recover the amount of certain state taxes collected by him, and not received by the state treasurer. A demurrer to the complaint was overruled, and defendants appealed.

It is the duty of the attorney general, at the request of the governor, auditor, or treasurer, to prosecute any official bond, or any contract in which the state is interested, upon a breach thereof. Comp. Laws, § 96. The complaint is signed by Coe I. Crawford, as attorney for plaintiff and as attorney general. The state is certainly the real party in interest, and it will be presumed that the attorney general was requested to prosecute the action. Jerauld Co. v. Williams, 7 S. D. 196, 63 N. W. 905.

It appears upon the face of the complaint that it became the duty of the county treasurer to transmit to the state treasurer certain money collected as state taxes; that on April 28, 1893, he attempted to do so by forwarding a draft drawn by a bank at Salem upon a bank at Sioux Falls, which was, in due course of business, presented, payment refused for want of funds, and protested; that the Salem bank was insolvent and without funds in the Sioux Falls bank when the draft was drawn, and has since remained insolvent; that the draft has not been paid, nor has any part of the money due the state been received by the state treasurer. It is appellants' contention that, the legislature having prescribed the manner in which funds shall be transmitted by county treasurers to the state treasury, the county treasurer's duty was fully performed when he procured a draft from a reputable bank, not knowing of its insolvency, and transmitted the same to the state treasurer. The law relied upon reads as follows: "The treasurers of the

several counties shall pay into the state treasury all funds in their hands belonging thereto, on or before the first Monday of March and on the first Monday in September in each year, and at such other times as the state treasurer shall require; and the funds so paid in shall be the identical state warrants, if any, received by the treasurer for the payment of the tax, or in coin, or in treasury notes of the United States; and the said county treasurer shall send said money to the state treasurer by draft, postoffice order, or by express, for which he shall be allowed the actual expenses of procuring the same and no more." Comp. Laws, § 1644. This section was amended in 1890, by striking out the words, "on or before the first Monday in March and on the first Monday in September in each year," and inserting in lieu thereof the words, "on the first Monday in the months of January, April, July and October of each year." Laws 1890, Chapter 141. The section quoted is found in Chapter 15 of the Political Code relating to assessment and taxation. The legislature appears to have intended a complete revision of this subject in 1891, from which Section 1644 is omitted. Laws 1891, Chap. 14. The same legislature passed an act containing the following provisions:

"Section 1. The state auditor shall keep an account with each organized county of the state, in which account each county shall be charged with the amount of tax due the state, and with all sums hereafter levied in each county for state purposes, and credited with all sums paid into the state treasury on account of such taxes.

"Sec. 2. He shall require county auditors to furnish him with an abstract of the tax lists of their respective counties when the same are completed on such blanks as he shall prescribe.

"Sec. 3. He shall require the several county treasurers to furnish him with a statement, attested by the county auditor, on the first day of March, June, September and December of each year, and at such other times as he may deem expedient, showing the amount of state taxes collected, also all penalty and interest on the same, · also amounts refunded, treasurer's commission and cash balance at the date designated, which statement shall be forwarded to the state auditor within five days after the date statement is called for.

"Sec. 4. The state auditor shall after receiving the quarterly statement or other statements provided for in Section three (3) of this act, draw and deliver to the state treasurer an order on each county treasurer for the total amount so certified as collected for the state, less refunds and commissions only, and charge the state treasurer with the same, giving the county credit for the amount, and sending to the county auditor of each county a duplicate of such order or draft.

"Sec. 5. The state treasurer shall notify each county treasurer of the amount of such draft or order, and the county treasurer shall forward to the state treasurer immediately after receiving such notice the total amount of the tax collected for the state, less only refunds and treasurer's commissions, together with an itemized statement of the same, upon blanks furnished by the state treasurer, and upon receipt of the same the state treasurer shall forward such draft or order to the county treasurer with his indorsement, and such draft or order shall be the county treasurer's receipt for the amount stated."

"Sec. 15. All acts or laws or parts of acts or laws in so far as they conflict with the provisions of this act are hereby repealed."

Laws 1891, Chapter 113.

The rule relating to repeals by implication is thus stated by the territorial supreme court: "Whether a new law, by implication supersedes an old one upon the same subject, cannot well be determined, in most cases, by any merely *a priori* rules of argument or construction, but must depend very much upon the peculiar circumstances of each case—the old and the new law; the mischief, and the remedy. But it is sound law, we think, and no authorities can be found that will controvert it, that a subsequent statute revising the whole subject-matter of a former one, and evidently intended as a substitute for it, must operate to repeal the former, although it contains no words to that effect." Campbell v. Case, 1 Dak. 16, 46 N. W. 504. In the case at bar, as in the one before the territorial court, the statute itself declares that all laws, so far as they conflict with its provisions, are repealed. The former statute prescribed the time and manner in which county treasurers should pay into the state treasury the funds in their hands belonging to the state. The later act relates to the same subject It changes the times of payment, and with ample fullness and detail prescribes the methods of transacting this branch of the public business. It must be presumed that the legislature of 1891, having under consideration a revision of the revenue laws and especially the subject of transferring funds from county treasurers to the state treasury, knew the law as it then existed, and that the provisions of Section 1644 were deliberately eliminated from the new statutes. The provisions of the former law are completely covered by the act of 1891. If effect be given to the plain and unmistakable language of this later law Section 1644 can no longer exist, because every line of it is in conflict with the later enactment. Our conclusion is that the

section relied upon by appellants was repealed by the Laws of 1891. If so, their argument is without foundation, and their demurrer was properly overruled. The order appealed from is affirmed.