## VAN DEN BOS V. BOARD OF COMMISSIONERS OF DOUGLAS COUNTY, *et al.*

1. On appeal from a judgment in *certiorari*, only such errors can be reviewed as appear on the judgment roll, which by Comp. Laws, § 5516, consists of the judgment, writ, and return.

2. A writ of *certiorari* may be amended by inserting the title.

3. A writ of *certiorari*, which runs in the name of the state, is directed to the proper parties, and recites that "it has been represented to the circuit court in and for the county of Douglas, in the First Judicial circuit, state of South Dakota, by the affidavit of" plaintiff, is sufficient, although the title is omitted.

4. Under Comp. Laws, § 5513, providing that a review on *certiorari* can only extend far enough to determine whether the inferior board or tribunal regularly pursued its authority, and section 5519, which provides that the writ must "state generally the allegations against the party to whom it is directed and command such party" to do the act required to be performed, the writ need not contain the recitals of the application.

5. Under Laws 1890, c. 66, providing that the county commissioners shall at their regular meeting in 1890, and every three years thereafter' if necessary, change the boundaries of the commissioner districts, they cannot change such boundaries at any other time, and a resolution to that effect adopted in 1898 is void.

(Opinion filed October 11, 1898.)

Appeal from circuit court, Douglas county. Hon. E. G. SMITH, Judge.

*Certiorari* proceedings by Dirk Van den Bos against the board of commissioners of Douglas county and others. Judgment for plaintiff, and defendants appeal. Affirmed.

The facts are stated in the opinion.

*W. E. Tipton,* for appellants.

Neither the writ nor the application therefor showed that plaintiff had any personal interest in the matters complained of.

It is not enough that plaintiff is simply interested; he should have an interest personal and peculiar to himself, and which does not apply alike to the public. Tallon v. Hoboken, 37 At. 895; Welch v. Board, 23 Ia. 199; Champion v. Board, 41 N. W. 739; State v. Board, 46 N. W. 1129; Doolittle v. Board, 15 N. Y. 155; Roosevelt v. Draper, 23 N. Y. 318; Craft v. Comm's. 5 Kan. 518; State v. Corey. 49 N. W. 166; Duggen v. McGruder, 12 Am. Dec. 530; Johnson v. Clayton, 15 N. W. 856.

The application was defective in not affirmatively showing that plaintiff had no other plain speedy or adequate remedy at law. State v. Olson, 57 N. W. 477; Russell v. Pickering, 17 Ill. 31; Lus v. Childs, 17 Mass. 351.

*E. H. Wright,* and *French & Orvis,* for respondent.

The appeal in this case is from the judgment alone. The judgment roll in *certiorari* consists of a copy of the judgment signed by the clerk entered upon or attached to the writ and return. The only question that can be considered by this court is whether it appears by the judgment roll that the trial court erred. Bostwick v. Knight, 5 Dak. 305; Fargo v. Palmer, 4 Dak. 232; Raymond v. Spicer, 6 Dak. 45; Kehoe v. Hanson, 6 S. D. 322; Bank v. McKinny, 1 S. D. 78; Lumber Co. v. Pennington, 2 Dak. 467.

It was sufficient for plaintiff in his application for the writ to allege that he was "a resident tax payer and elector of Douglas county," without alleging that he had been injured either in person or property by the alleged wrongful act. Rice v. County Judge, 7 Ia. 186; Byers v. Bailey, 7 Ia. 390; People v. Collins, 19 Wend. 57; People v. Board, 33 N. E. 827; Collins v. Davis, 57 Iowa 256; Maxwell v. Supervisors, 53 Col 398; State v. Carey, 49 N. W. 164; Adkins v. Lien, 68 N. W. 748; State v. Cunningham, 51 N. W. 731: S C. 53 N. W. 35; Giddings v. Black, 52 N. W. 944; Parker v. State, 34 N. E. 836.

HANEY, J.   This is an appeal from a judgment rendered by the circuit court in *certiorari* preceedings, wherein it is adjudged that the commissoners of Douglas county exceeded their jurisdiction, in changing the boundary lines of the commissioner districts in that county. The law relative to new trials and appeals in civil actions. except in so far as it is inconsistent with the provisions of the Civil Code relating to special proceedings of a civil nature, applies to this appeal. Comp. Laws, § 5536.   As this is an appeal from a judgment, it was the duty of the clerk of the circuit court to transmit to this court the judgment roll.   *Id.*  § 5217.   In this proceeding the judgment roll consists of the judgment, writ, and return.   *Id.* § 5516.   This is all the clerk was authorized to send up; as a matter of law, it is all that is before this court; and everything contained in appellant's abstract not found in the judgment roll, as defined by the statute, must be disregarded.   Only such errors as appear on the face of the record or judgment roll can be reviewed.

The writ, as originally issued, ran in the name of the state, and was directed to the commissioners and auditor (naming

them ). It contained this recital, among others: "Whereas, it has been represented to the circuit court in and for the county of Douglas, in the first judicial circuit, state of South Dakota, by the affidavit of Dirk Van den Bos, that you," etc. It was signed "By the court: E. G. Smith, Judge," and attested by the clerk, under the seal of the court. It is recited in the judgment that; upon the coming in of the auditor's return, counsel for the commissioners moved to quash the writ, whereupon the counsel for the relator asked leave to amend the writ by inserting therein, immediately preceding the words, "State of South Dakota sends greeting," the following title: "State of South Dakota, First Judicial circuit—ss.: In the circuit court in and for the County of Douglas. Dirk Van den Bos, relator, vs. The Board of County Commissioners [naming each] and Peter Ernisse, as Auditor of Said County, Respondents,"—which was granted, and the writ was amended accordingly. We think the amendment was properly allowed, and that the writ was sufficient as originally issued. In these proceedings the writ is to be directed to the board, officer or other person having the custody of the records or proceedings to be certified. It shall command the party to whom it is directed to certify fully to the court issuing the writ, at a specified time and place, and annex to the writ a transcript of the records and proceedings, describing or referring to them with convenient certainty, that the same may be reviewed by the court, and requiring the party in the meantime to desist from further proceedings in the matter to be reviewed. If a stay of proceedings be not intended, the words requiring the stay must be omitted. Comp. Laws, §§ 5509-5511. The statute does not require, as in mandamus proceedings, that the writ must state the allegation against the

party to whom it is directed.  *Id.* § 5519.  The purpose of the proceeding is to bring the record of the inferior court, tribunal, or board before the court issuing the writ, that it may determine from a review of such record whether the inferior court, tribunal, or board has regularly pursued the authority of such court, tribunal, or board.  *Id.* § 5513.  No useful purpose would be served by including in the writ recitals which might properly appear in the application therefor.  Certainly the statute does not require such recitals, and we think the writ is in itself complete when directed to the court, tribunal, board, or person having the custody of the records or proceedings to be certified, and it contains a command to fully certify such records or proceedings, and annex a transcript thereof, describing or referring to the record or proceedings to be certified with convenient certainty.  Under this view of the practice, the writ in the case at bar is certainly sufficient, and we proceed to consider the matter upon the merits.

It appears from the returns to the writ and the recitals of the judgment that the defendants, as a board of county commissioners, at their meeting in July of the present year adopted a resolution changing the boundary lines of the commissioner districts in the county of Douglas.  In 1890 the legislature enacted the following law in relation to the changing of commissioner districts:

"Section 1.  That it is hereby made the duty of the boards of county commissioners of the several counties in this state at their regular meeting in July, A. D. 1890, and every three years thereafter, and after giving notice by publication for three weeks in the official papers of the county, to change the boundaries of the commissioner districts in their respective

counties, whenever such change shall be necessary, in order that each district, shall without dividing and apportioning the inhabitants of any incorporated city into not more than two commissioners districts; and they shall, as near as may be, without such division, so divide and redistrict that each district may contain as near as may be within one hundred of the same number of votes as shown by the official returns of the vote cast at the last election, held prior to the date of the meeting mentioned herein, at which election state and county officers were elected; provided, in such redistricting no voting precinct shall be divided; provided also, that no incorporated city shall be divided into more than two commissioner distrcts.

"Sec. 2. Whenever the board of county commissioners shall change the boundaries of any district in their county, they shall publish notice of such change, giving the boundaries of the new districts, for three consecutive weeks in the official paper or papers in the county, and when no paper is published in the county, the board shall cause notices to be posted in at least three public places in each commissioner district of which the boundaries have been changed.

"Sec. 3. All acts or parts of acts in conflict with the provisions of this act are hereby repealed." Laws 1890, c. 66.

In the recent case of State v. Welbes, 75 N. W. 820, this court had occasion to consider the rule relating to repeals by implication. Applying the principles therein announced to the case at bar, we have no hesitancy in concluding that since the act of 1890 took effect the boundaries of the commissioner districts could be changed only at the times and in the manner therein provided, and that the court below was right in ajudging that the resolution of the board adopted July 9, 1898,

changing the commissioner districts of Douglas county, be reversed, annulled, and held for naught. If any reasons exist for changing such districts, it will be the duty of the board to consider them at its regular meeting in July, 1899, and take action thereon after giving the notice required by law.

Appellants' motion to strike respondent's additional abstract is denied. The haste in disposing of this appeal, insisted upon by appellants, has not prevented a thoughtful consideration of the questions involved, but it has precluded any more extended statement of the reasons upon which the conclusions of the court are based. The judgment of the circuit court is affirmed.