COUNTY OF CODINGTON, Respondent, v. BOARD OF COUNTY COMMISSIONERS, Appellants.

(199 N. W. 594.)

(File No. 5186. . Opinion filed July 19, 1924.)

1. Counties—County Commissioners—State's Attorney—Appeal and Error—Parties—Taxpayers May Require State's Attorney to Appeal from Decision of Board of County Commissioners.

Under Rev. Code 1919, Sec. 5886, providing for an appeal by a state's attorney on demand of taxpayers from action of a board of county commissioners relating to interests or affairs of the county at large, taxpayers had a sufficient interest to require the state's attorney to appeal from a decision of a

board refusing to change boundary lines of commissioner districts and redistrict the county, as required by section 5864.

2.  **Counties — Change of Boundaries — Appeal and Error — County Commissioners—Order of Board of County Commissioners Refusing to Redistrict County Held Appealable.**

Changing the boundary of commissioner districts and redistricting a county, as required by Rev. Code 1919, Sec. 5864, required the exercise of quasi judicial power, and the order of a board of county commissioners refusing to do so was appealable.

3.  **Counties—County Commissioners—City Containing More Than Two-fifths of Population of County Should Be Divided into Two Commissioner Districts and Have Two Commissioners.**

Under Rev. Code 1919, Sec. 5864, relating to changing the boundaries of county commissioner districts and redistricting a county, where a city contained more than two-fifths of the population of the county, it should be divided into two commissioner districts and have two commissioners.

4.  **Counties—Notice — Waiver — County Commissioners — Board of County Commissioners Acting on Assumption that Notice of Meeting Was Given Cannot on Appeal from Decision Deny Giving Notice.**

Where a board of county commissioners, acting under Rev. Code 1919, Sec. 5864, refused to change boundary lines of commissioner districts and redistrict the county, and assumed that notice of the meeting had been given, and acted accordingly, on appeal from their decision they could not contend that they acted without authority for lack of such notice.

Appeal from Circuit Court, Codington County; Hon. W. N. SKINNER, Judge.

Proceeding by the County of Codington against the Board of County Commissioners of Codington County. From a decision of the Board of County Commissioners, refusing to change the boundary lines of commissioner districts and redistrict the county, an appeal was taken to the circuit court, from whose judgment, and an order denying a new trial, said Board appeals. Affirmed.

*Loucks, Hasche & Foley,* of Watertown, for Appellant.

*Daniel K. Loucks,* of Watertown, for Respondent.

Appellants cited: Pierre Waterworks Co.. v. County of Hughes, 37 N. W. 733; Champion v. Board of County Commrs., (Dak.) 41 N. W. 739; State ex rel. Cook v. Board Commrs.,

(S. D.) 137 N. W. 354; Hoyt v. Hughes County, (S. D.) 142
N. W. 471; Bd. Commrs. v. C. M. & St. P. Railway Co., (S. D.)
127 N. W. 728; State v. Board of County Commrs., (S. D.)
46 N. W. 1127; State v. Village of McIntosh, 103 N. D. 1017;
7 R. C. L. 942; 15 C. J. 456; Farmers Loan & Trust Co. v.
Hirning, 172 N. W. 931; Peed v. Gresham, (Okla.) 155 Pac.
1179; Durham v. Ardery, (Okla.) 143 Pac. 331, L. R. A. 1915B
233.

Respondent cited: State ex rel. Harte v. Moorhead, 156
N. W. 1067; Dubose v. Woods, 162 S. W. 3; State ex rel. Ad-
kins v. Lien, 9 S. D. 297; State ex rel. Cosper v. Porter, Sheriff,
13 S. D. 126; State ex rel. Schilling v. Menzie, 17 S. D. 535;
Hoekman et al. v. Iowa Civil Twp., 28 S. D. 206; Godder v.
Rudd, (S. D.) 160 N. W. 808; Sioux Falls Nat. Bank v. McKee,
3 S. D. 1; Perrott v. Owen, 7 S. D. 454; American Savings &
Loan Assn. v. Campbell, S. D. 170; State ex rel. Cormick v.
Ramsey, 27 S. D. 302; Salmer v. Board Commrs. Clay County,
20 S. D. 307; State ex rel. Clark, Attorney General v. Stakke,
22 S. D. 228; State ex rel. Cook v. Board of Commrs., 29 S. D.
358; State ex rel. Bowen v. Board of Commrs. of Sioux Falls,
124 N. W. 963; State ex rel. Coatsworth v. Olson, 30 S. D.
573; State ex rel. American Express Co. v. State Board of As-
sessment and Equalization, 3 S. D. 338; Kirby v. Circuit Court
McCook County, 10 S. D. 38; State ex rel. Noggle v. Crawford,
138 N. W. 2; State ex rel. Woodcock v. Chitty, 166 N. W.633;
Austin v. Eddy, 172 N. W. 517; 11 C .J. 104.

POLLEY, J. Pursuant to proper notice theretofore given,
the board of county commissioners of Codington county, at their
regular January, 1920, meeting, went through the form of
changing the boundary lines of the commissioner districts and
redistricting the said county, as required by the provisions of sec-
tion 5864, Rev. Code 1919. They made no change, however,
in the boundary lines of any of the commissioner districts as
they had existed prior to that time. Upon a petition signed by
a sufficient number of taxpayers, as provided by section 5886,
Rev. Code 1919, the state's attorney of the county took an ap-
peal to the circuit court. The matter, was tried by the circuit
court and a judgment entered directing the said board to change
the boundary lines of the commissioner districts and to redistrict

said county in such manner that the city of Watertown should comprise two commissioner districts, and the remainder of the county into three. From this judgment and an order denying a new trial the board appeals to this court.

Two questions of practice are presented by appellant that must be disposed of before the merits of the case can be reached.

[1] It is contended by appellant that the persons who petitioned the state's attorney to appeal from the order, of the board had no such interest in the subject-matter as entitled them to require the state's attorney to appeal from the order of the commission. With this contention we do not agree. Section 5886 provides—

"That any states attorney, upon written demand of at least seven taxpayers of the county, shall take an appeal from any action of the board of county commissioners, when such action relates to the interests or affairs of the county at large or any portion thereof, in the name of the county, when he deems it to the interest of the county so to do."

That the state's attorney deemed it to the interest of the county to take the appeal is not denied; and that the matter involved relates to the interest and affairs of the entire county is too plain to admit of any question.

[2] It is next contended that this is a matter upon which the action of the board is final, and that the order appealed from is not subject to review by the circuit court on appeal. What acts of a board of county commissioners can be reviewed by the courts and the manner in which they can be brought on for review has been the subject of much discussion by this and other courts. Hoyt v. Hughes County, 32 S. D. 117, 142 N. W. 471; Austin et al. v. Eddy et al., 41 S. D. 640, 172 N. W. 517; Yankton County v. Board, 46 S. D. 245, 192 N. W. 179. But we believe no difficulty should be experienced in that regard in this case. It seems to be generally conceded that, where the board is acting in a quasi judicial capacity, such acts may be reviewed on appeal. In this case, in order to determine what, if any, changes should be made in the boundary lines of the commissioner districts, it was necessary to, and the board did, receive evidence of the number of votes cast at the last preceding general election in

each of the various voting precincts in the county. To make this determination required the exercise of quasi judicial power (Hoyt v. Hughes County, supra), and the order is properly reviewable on appeal.

Upon the evidence submitted to the board it appeared that at the last preceding general election there were 2,541 votes cast in the entire county of Codington, of which number 1,313 were cast in the city of Watertown and 1,228 in all the other precincts in the county.

[3] For some time prior to January, 1920, the county of Codington had been divided into five commissioner districts, of which number the city of Watertown comprised one district, and the remainder of the county the other four. It was then, and now is, the contention of the board that this division of the county complied with the provisions of section 5864, and no change was made in the boundaries of any of the districts. With this contention we do not agree.

Upon an examination of section 5864 its chief object seems to be to require that the commissioner districts be compact and regular in form, and should contain about the same number of inhabitants. Under this rule, if an incorporated city should contain one-fifth of the population, it should constitute one district and have one commissioner. If such city should contain two-fifths of the population, it should comprise two districts and have two commissioners. If it contains three-fifths of the population, it should comprise three districts and be entitled to three commissioners and so on until a single city might have four of the commissioners, or even possibly the whole five. But to prevent such a situation the section contains the provision "that no incorporated city shall be divided into more than two commissioner districts." This, however, is the only limitation upon the above rule, and from this it follows that the city of Watertown, containing more than two-fifths of the population of the county, should be divided into two commissioner districts and have two commissioners.

[4] Lastly, it is contended by appellants that there is no proof that proper notice was given of the meeting at which the action involved was taken. There is no merit in this contention. The board assumed that the notice had been given and acted ac-

'cordingly, and they will not now be permitted to stultify themselves by saying that they acted without authority.

The judgment and order appealed from are affirmed.

Note.—Reported in 199 N. W. 594. See, Headnote (1), American Key-Numbered Digest, Counties, Key-No. 196, 15 C. J. Sec. 126 (1925 Anno.); (2) Counties, Key-No. 58, 15 C. J. Sec. 125; (3) Counties, Key-No. 18, 15 C. J. Sec. 42; (4) Counties, Key-No. 58, 15 C. J. Sec. 128 (1925 Anno.).