MUNICIPAL ASSEMBLY OF SANTA ISABEL, Petitioner, v. DISTRICT COURT OF GUAYAMA, Respondent.

No. 561. Argued March 7, 1927.—Decided May 10, 1927.

*Leopoldo Tormes* for the petitioner. *Tomás Bernardini de la Huerta* for the intervenor.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Sinforiano Burgos instituted certiorari proceedings in the District Court of Guayama against the Municipal Assembly of Santa Isabel. The court decided in favor of the petitioner. The assembly appealed and in order to perfect the appeal prepared a statement of the case which contained the writ and the return of service by the marshal. The judge set a day for a hearing. The petitioner moved that the statement should not be approved on the ground that "in cases like the present one where it is not permissible to in-

troduce, nor has been introduced, evidence *aliunde,* nor are there other questions of facts than those arising from the return, where the only questions raised have been those of law, the decision of which being excepted to by law, it is improper to have the appeal decided on a bill of exceptions and a statement of the case as the appellant pretends; since the record on appeal in cases like the present is constituted by the transcript of the record attached to the return, as has been determined by this court."

And the judge refused, in effect, to approve the statement of the case.

The appellant contends that the error of procedure committed by the judge is apparent and quotes in support thereof the decision of this court in the case of *Rodríguez* v. *Municipal Assembly of Guánica,* 31 P.R.R. 126.

The jurisprudence established in that case is as follows:

"Documents that do not form a part of the judgment roll under section 233 of the Code of Civil Procedure can be brought up to the Supreme Court only if embodied in a bill of exceptions or statement of the case approved by the trial court, or in a transcript made by the stenographer and so approved, and if otherwise brought up they will be stricken out."

The rule has been established clearly in accordance with the law and the practice on the matter. The application thereof to the facts of the case where it was established is what favors the petitioner. The Municipal Assembly of Guánica appealed in a certiorari proceeding instituted against it in the District Court of Ponce. It prepared a transcript certified to by the attorneys and included therein "the charges brought against the petitioner before the Municipal Assembly of Guánica and the investigation made by the latter which brought about his dismissal, all of which was forwarded in certified copies by the clerk of the municipal assembly to the court as directed by the assembly" and the Supreme Court resolved to have such charges and investigation stricken out because they had not been embodied in a

statement of the case, and as the certified copy of the above charges and investigation constituted the return, it was in fact decided that the return formed a part of the judgment roll and in order to be brought up to this court it had to be embodied in a statement, bill, or transcript in the manner prescribed by law with the intervention of the trial judge.

Was the rule properly applied to the facts of the case? If the answer is in the affirmative, the District Court of Guayama erred in refusing to approve the statement of the case in this specific case which is now submitted for our consideration and decision. If it is not, we must explain our point of view and affirm that of the District Court of Guayama.

No mention of the word "return" is made in the case of *Rodríguez* v. *Municipal Assembly of Guánica*, 31 P.R.R. 126, nor is its nature studied therein.

Notwithstanding the elimination, the appeal was proceeded with and a few months afterwards, when deciding it, this court said:

"There is no statute authorizing an answer to a petition for a writ of certiorari and the proper pleading in these special proceedings is the return."

This concept of the word "return" was reaffirmed in the case of *Piovanetti* v. *Municipal Assembly of Yauco*, 31 P.R.R. 496, as follows:

"The fact that no answer is filed to the petition in certiorari does not imply an admission of the allegations of the petition. In certiorari proceedings the return is the answer."

It seems to be inferred logically from that jurisprudence that if the return is in the nature of an answer, it begins from the moment it is filed to form part of the judgment roll and it is not necessary, in order to send it up to the Supreme Court, to embody it in a statement, bill or transcript prepared by the stenographer.

The question that the return forms part of the judgment roll is not in doubt in California. The statute in Porto Rico

is silent, but there is a legal provision in that respect. Section 1077 of the Code of Civil Procedure of that State says:

"A copy of the judgment, signed by the clerk, entered upon or attached to the writ, constitutes the judgment roll."

The same thing obtains in other states as for instance South Dakota. In the case of *Van Den Bos* v. *Board of Comm'rs*, 76 N. W. 935, the Supreme Court said:

"This is an appeal from a judgment rendered by the circuit court in certiorari proceedings. . . As this is an appeal from a judgment, it was the duty of the clerk of the circuit court to transmit to this court the judgment roll. Id. 5217. In this proceeding the judgment roll consists of the judgment, writ, and return. Id. 5516."

As stated by us, our law authorizing the issuance of writs of certiorari is silent on the manner of prosecuting appeals and this caused this Supreme Court to establish the following doctrine in 1914:

"As the Act authorizing writs of *certiorari*, approved March 10, 1904, contains no provision governing the prosecution of appeals in *certiorari* proceedings, they must be governed by the rules applicable to ordinary appeals in civil actions.

"In accordance with section 299 of the Code of Civil Procedure as amended by Act No. 70 of March 9, 1911, considered in connection with rule 40 of this court, the record of an appeal shall consist of the certificate to be issued by the secretary of the court *a quo* or by the attorneys of the parties, of the judgment roll and of the notification of the appeal; and there is no provision by which the original record of a *certiorari* proceeding may be sent up to this court in place of the said certificate, and when, as in the case at bar, the original record and not the said certificate is filed, the appeal should be dismissed." *Vega* v. *Hernández*, 21 P.R.R. 505.

It is true that there appears in Corpus Juris the following note:

"To authorize a review of alleged errors, the record should contain a proper bill of exceptions." 11 C.J. 220.

We have examined the cases of the note in support of

the quotation which we have been able to find and really they do not throw much light on the question. Perhaps exceptional cases might be imagined absolutely requiring a bill of exceptions or a statement of the case, but the fact is that owing to the nature of the writ of certiorari, if the return is considered as forming part of the judgment roll, as we think that it should be considered, the statement and the bill are unnecessary.

Such being the case, the question should be answered in the negative and therefore the opinion of the district court should be affirmed, since the facts show that the statement of the case was prepared only for the purpose of embodying the return therein.

Now, as our decision in the case of *Rodríguez* v. *Municipal Assembly of Guánica*, 31 P.R.R. 126, might have led the petitioner to prepare the statement of the case, we shall make use of our discretion and permit the filing of the judgment roll duly certified for the purpose of the appeal taken, within thirty days from today.

Under such circumstances the writ is discharged and the case remanded to the court where it originated for further proceedings not inconsistent with this opinion.