STATE ex rel PETERSON, et al, Appellants, v. SCOTT, et al, County Commissioners, Respondents.

(227 N. W. 573.)

(File No. 6928. Opinion filed November 26, 1929.)

*Atwater & Helm,* of Sturgis, for Appellants.
*E. V. Morrill,* of Faith, for Respondents.

CAMPBELL, J. ˙ Relators instituted this proceeding in the court below seeking a writ of mandamus directed to the defendants as members of the board of county commissioners of Meade county, S. D. The application for the writ duly alleged the office of defendants; that the county of Meade has always contained five commissioner districts, district No. 1 embracing the city of Sturgis in said county together with a considerable, amount of additional territory. The application further sets out facts sufficient upon their face to show that it was the duty of the board of commissioners of Meade county at the regular meeting in January, 1920, and in January, 1924, and in January, 1928, to give notice and change the boundaries of the commissioner districts in said county pursuant to the requirement of section 5864, Rev. Code 1919. The application also alleges facts sufficient on their face to show that at each of those times the board of commissioners should have established the city of Sturgis without other or additional territory as one commissioner district in said county under the rule laid down by this court in Codington County v. County Commissioners, 47 S. D. 520, 199 N. W. 594, and alleges that the existence of these facts was affirmatively brought to the attention of the board of commissioners of Meade county at their regular meeting in January, 1924, and again at their regular meeting in January, 1928, but that on each of said occasions said board of commissioners failed and neglected to act in the matter, and that the boundaries of said commissioner districts have not been changed. The application further alleges

that at the regular January, 1929, meeting of defendant commissioners, relators, with other taxpayers, appeared and requested a change in district boundaries pursuant to section 5864, Rev. Code 1919, at which time said commissioners voted two "Yes" and three "No" upon a motion to redistrict the county. There follow the customary allegations of injury to relators and lack of plain, speedy, and adequate remedy, and the prayer of the application is as follows: "That an alternative write of mandamus issue out of this court directed to the above named defendants requiring and directing the said defendants as such county commissioners, as the county commissioners of Meade County, South Dakota, to forthwith give notice as required by section 5864 of the Revised Code of 1919, and to immediately thereafter re-district the County of Meade into new county commissioners' districts so that each district shall be as regular and compact in form as possible, and to make the city of Sturgis one of said five county commissioners' districts, or to show cause before this court at such time and place as the court shall fix why a writ of mandamus shall not issue out of this court, ordering, requiring, and directing the said defendants as such county commissioners to re-district said Meade County into new commissioners' districts pursuant to section 5864 of the Revised Code of 1919."

An alternative writ was issued, and on the return day defendants filed a motion to quash upon the following grounds:

"I. That there is a speedy and adequate remedy at law.

"II. That it appears upon the face of the application made in the above entitled proceedings that neither said application nor the alternative writ state facts sufficient to justify the issuance of the said writ prayed for.

"III. That the alternative writ issued herein seeks to compel the defendants as a municipal board to do a public act which they are without authority or power as a municipal board or public tribunal to perform at the time for which it is sought to be secured.

"IV. That the public act or performance of which is sought to be secured by said writ would be unlawful, useless and unavailing at this time or within the time which the same is sought to be compelled."

An order was made and entered granting the motion to quash, from which order relators have perfected this appeal.

From the record, briefs, and argument it appears that the principal ground for granting the motion to quash was the theory indicated by paragraph numbered III of the motion above set out.

This proceeding for mandamus was instituted in February, 1929. It has been held by this court, and we think rightly, in the case of Van Den Bos v. Board of Commissioners, 11 S. D. 190, 76 N. W. 935, that it is the duty of the county commissioners of any county, when the facts require a change in the boundaries of commissioner districts, to make such change at the time and in the manner specified in the statute and not otherwise; and that an attempt by the board to make such change at some other or different time is of no force or effect. Respondents maintain that the board of commissioners of Meade county was without power, under section 5864, Rev. Code 1919, either of its own volition or at the request of relators, to change the boundaries of districts in said county at the January, 1929, meeting, or at any other time subsequent to the January, 1928, meeting, and in this contention we think respondents are correct. Section 5864, Rev. Code 1919, provides that the board of commissioners shall change the district boundaries, when existing facts require, "at its regular meeting in January, 1920, and every four years thereafter." Respondents argue, and the learned trial judge appears to have been of the view, that, inasmuch as the board could not have made the change, even had it so desired, at the time this proceeding was instituted, it must therefore follow that the writ will not lie. The general principle invoked is that the writ of mandamus does not operate to create or impose powers, rights, or duties, and will not ordinarily issue to compel the doing of an act which could not lawfully be done without such mandate. With this contention of respondents we are unable to agree as applied to the facts of the instant case. We concede the general principle, but we do not think it has or should have application to a case where respondents, in disregard of law and of their own volition, have failed in the performance of an act required by law until after the expiration of the time for performance. The statute imposes an affirmative duty upon the board. The presumption is that they will perform their duty and certainly mandamus would not issue against them until the expiration of the time within which they may perform it. If mandamus cannot issue thereafter merely because of the fact of expiration of time, then

there would be no remedy whatever for a deliberate, arbitrary, and continued refusal to comply with a statutory duty on the part of a subordinate tribunal whose activity or inactivity is ordinarily subject to control by the courts. In McConihe v. State ex rel McMurray, 17 Fla. 238, the court said: "Such a doctrine would practically abolish the remedy by mandamus in such cases. The writ does not lie before, but only after default in the performance of a ministerial duty (Tap. Man., 209, 8 A. and E., 911), and if it be a good defense to allege that the time fixed for its performance has passed, it is evident that the very ground upon which you must base your application for the writ becomes a sufficient reply to the alternative writ when granted."

In State ex rel Arthurs v. Board of County Commissioners, 44 Mont. 51, 118 P. 804, 810, the court said: "This duty is absolute —one resulting from the office and specifically enjoined by law. To say that the courts are helpless to compel performance of such a duty, merely because the time within which the duty should have been performed has elapsed, is tantamount to holding that a public official, by delaying action until the time designated by law for action has expired, may defeat the will of the people as expressed by the Legislature, and that there is not any redress for those who are injured by such nonaction. Cases may arise where the courts are not able to render any adequate assistance, but this is not one of them. The board will not be heard to say that it is too late to do that which it ought to have done at the proper time, or to take advantage of its own mistake to deprive these counterpetitioners of a right which the law secures to them."

See, also, State ex rel v. Philips, 96 Mo. 570, 10 S. W. 182; Conn v. City Council, 17 Cal. App. 705, 121 P. 714, 719; State ex rel Taggart v. Holcomb, 81 Kan. 879, 106 P. 1030, 28 L. R. A. (N. S.) 251.

We are therefore of the opinion that the mere fact of expiration of time within which the board could act of its own volition does not deprive the court of the power to order performance of the act.

Although this seems to have been the point principally considered below, yet respondents here, upon the theory that the action of the trial court should be affirmed if correct upon any grounds,

offer several additional suggestions in support of the order appealed from.

 Respondents suggest that appellants had a plain, speedy, and adequate remedy at law by appeal from the action of the commissioners at the January, 1929, meeting in voting not to change the district boundaries. The board at that time (or at least as of that date) could not of its own volition, or at the mere request of appellants, make such change, and an appeal from that decision, assuming such appeal could be taken, could give no remedy to any one.

 Respondents further suggest that the writ will not lie upon the relation of appellants because of the holding of this court in Barnum v. Ewing, 53 S. D. 47, 220 N. W. 135, wherein we held that an individual taxpayer of a county could not, as such, appeal as a "person aggrieved" within section 5886, Rev. Code 1919, from a decision of the county commissioners with reference to the redistricting of a county. Assuming, without deciding, that the qualifications of appellants as relators are raised by the record before us, we think the point is not well taken. We held in the Barnum Case, in substance, that there are two sorts of appeal from decisions of county commissioners under our statute—one where the individual as an individual is aggrieved and may appeal personally and directly (section 5886, Rev. Code 1919), and the other where the individual as such is not "aggrieved" within the meaning of the statute, but is affected only as taxpayer or citizen "when such action relates to the interests or affairs of the county at large or any portion thereof," in which event the appeal must be taken by the state's attorney on the written demand of at least seven taxpayers (section 5886, Rev. Code 1919). In other words, as to appeals two methods are provided—the first by an individual who as such is aggrieved; the second in the public interest. One is private in its nature, the other public, and we held in Barnum v. Ewing that the interests affected by a decision of county commissioners as to redistricting were public as distinguished from private, and therefore that the appeal must be taken accordingly, as was done for example in Codington County v. Commissioners, 47 S. D. 520, 199 N. W. 594. This dual procedure with reference to appeal—one type to raise a question of private interest, the other to raise a question of public interest—is not provided by our statute for

certiorari as we pointed out in Barnum v. Ewing, nor is it provided for mandamus. We adhere to the decision of Barnum v. Ewing, but do not think it prevents appellants from being proper relators in the present proceedings any more than it prevented an individual from being a proper relator in certiorari in the Van Den Bos Case (Van Den Bos v. Board of Commissioners, 11 S. D. 190, 76 N. W. 935). See, also, State ex rel Schilling v. Menzie, 17 S. D. 535, 97 N. W. 745.

Respondents further suggest that, since the redistricting should have been had, according to the allegations of the application for the writ; at the January, 1928, meeting, and these proceedings were not instituted until February, 1929, appellants should be deemed barred by delay and laches. Of course, upon motion to quash the facts are not fully developed. There is no showing of change of conditions, and we should hesitate to hold that the mere fact that a delay of 13 months appears upon the face of the application should be construed, as a matter of law, without proof of the surrounding circumstances, as unreasonable to such a degree that standing alone it must require the refusal of the writ. In any event, however, the matter sought to be raised by relators is a matter of public interest and concern and not individual to them. Barnum v. Ewing, supra. And it seems to be the rule that, where the public interest is involved, the writ will not be barred by the laches of an individual relator. People v. Taylor, 257 Ill. 192, 100 N. E. 534; State ex rel Mason v. Board of Commissioners, 146 Wash. 449, 263 P. 735.

We are therefore of the opinion that the court erred in granting the motion to quash. The order appealed from is reversed, and the cause remanded, with directions that the defendants show cause against the writ, if they so desire, by answer to the merits within 10 days, and, if they shall fail so to do within that time, that the peremptory writ thereupon issue as prayed.

SHERWOOD, P. J., and POLLEY, BURCH, and BROWN, JJ., concur.