STATE ex rel WALDECKER, Appellant, v. ANDERSON, et al, Respondents.

(19 N. W.2d 526.)

(File No. 8762. Opinion filed July 13, 1945.)

**H. R. Jackson,** of Lemmon, for Appellant.

**C. M. Parson,** of Bison, for Respondents.

SICKEL, J.    This is a proceeding brought by plaintiff to determine the legality of a resolution by the board of county commissioners changing the boundaries of county commissioner districts in Perkins county. The resolution redistricted the county according to votes as follows:  First district, 594; second district, 421; third district, 409; fourth district, 411 and fifth district, 383.   Plaintiff petitioned the circuit court for a writ of certiorari to determine the regularity of the proceedings of the board of county commissioners in adopting the resolution referred to above.   The petition for the writ was denied and the petitioner has appealed.

Appellant claims that the resolution of the board is void because all districts do not contain within a hundred of the same number of votes.  Respondent contends that the board has been allowed discretion as to the circumstances and extent to which the hundred vote limitation may be exceeded, and that board did not abuse its discretion in this case.

SDC 12.0608 provides:

"It shall be the duty of the board of county commissioners at its regular meeting in January, 1940, and every four years thereafter, after giving notice by publication for three weeks in the official papers of the county, to change the boundaries of the commissioner districts whenever such change shall be necessary in order that each district shall be as regular and compact in form as is practicable and it shall so divide and redistrict its county that each district may contain as near as may be within one hundred of the same number of votes, as shown by the official returns of the votes cast at the last election held prior to the date of the meeting mentioned herein at which election state and county officials were elected.

"In such redistricting: no voting precinct shall be divided; no incorporated city shall be divided into more than two commissioner districts; in counties having only three commissioner districts, no city nor town shall comprise more than one commissioner district; in no case shall any one commissioner district in a county having five commissioner districts embrace an area of more than one-half of the area of any county."

■ According to this statute, each district shall contain "as near as may be" within one hundred of the same number of votes. It is the duty of the board to examine the district boundaries every four years and to change them if that is necessary for compliance with statute. However, the statute makes several exceptions to the above rule as to relative voter representation. These exceptions are that the districts shall be as regular and compact in form as is practicable; no voting precinct shall be divided; no incorporated city shall be divided into more than two commissioner districts; in counties having five commissioner district, no one district shall embrace an area of more than half the county. It is apparent that in many instances the rule and one or more of the exceptions would be inconsistent, and in such cases they could not stand together. For the purpose of indicating whether the rule or the exception should take precedence in such cases the legislature has inserted the phrase "as near as may be". This phrase denotes that the hundred vote limitation may be exceeded only

when, and to the extent, necessary to give full effect to an exception.

■■ The transcript of the county commissioners' proceedings show, no reason why it was necessary that the vote in the first district must exceed that in the fifth district by more than one hundred votes. A petition for an appeal was presented to the state's attorney and in his letter denying the petition he stated that the only other plan he knew of would be to divide the city of Lemmon, putting the first ward in the second district and leaving the second and third wards in the first district, under which plan the first ward would be entirely detached from the rest of the district. Such a plan would not be open to the objection made by the state's attorney, if the two larger wards in Lemmon were made a separate commissioner district, and the other ward was placed in the same district as Lincoln township. An examination of the county chart discloses no reason why this could not be done, and the boundaries adjusted so that each district would contain within one hundred of the same number of votes, and still be reasonably regular and compact in form. We therefore conclude that the board of county commissioners did not regularly pursue its authority in adopting the resolution in question.

■ Respondent contends that certiorari is not the proper remedy, because the law provides for an appeal from the decision of the board. The record shows that appellant joined in a petition demanding that the state's attorney take an appeal from the decision of the board, as provided by SDC 12.0618. This petition was denied by the state's attorney. Appellant had no right as a resident taxpayer and elector of the county to take an appeal. Barnum v. Ewing, 53 S. D. 47, 200 N. W. 135.

The question of whether appellant had the beneficial interest necessary to maintain certiorari proceedings was not presented by respondent to the circuit court, nor to this court on the appeal.

The judgment is reversed and the case is remanded for further proceedings in conformity with this opinion.