STATE .ex rel GOSCH, Appellant v. LEMLER et al.,
Respondents

(84 N.W.2d 418)

(File No. 9616. Opinion filed August 2, 1957)

**Arend E. Lakeman,** Mobridge, for Plaintiff-Appellant.

**Fred J. Homeyer,** Selby, **Ervin E. Dupper,** Mobridge, for Defendants-Respondents.

ROBERTS, J. This a certiorari proceeding to review the action of the Board of County Commissioners at its meeting on January 24, 1956, as to its manner of dividing Walworth County into commissioner districts. Written demand was made by thirty-nine taxpayers of the county upon the State's Attorney to take an appeal from the action of the board. Upon the failure of the State's Attorney to

comply with the demand, one of the petitioners instituted the present proceeding. The defendants are members of the Board of County Commissioners, the State's Attorney and County Auditor. Trial was had and judgment was entered sustaining the action of the board. Petitioner has appealed.

Counsel for appellant contends that the county board failed to comply with certain statutory requirements in redistricting the county; that there is an unjustifiable disparity in the population of the various districts; and that the districts are not as regular and compact as is practicable.

SDC 12.0608 requires a board of county commissioners every four years to change the boundaries of commissioner districts "whenever such change shall be necessary in order that each district shall be as regular and compact in form as is practicable and it shall so divide and redistrict its county that each district may contain as near as may be within one hundred of the same number of votes, as shown by the official returns of the votes cast at the last election held prior to the date of the meeting mentioned herein at which election state and county officials were elected." To redistrict in accordance with the provisions of this section, "no voting precinct shall be divided; no incorporated city shall be divided into more than two commissioner districts; in counties having only three commissioner districts, no city nor town shall comprise more than one commissioner district; in no case shall any one commissioner district in a county having five commissioner districts embrace an area of more than one-half of the area of any county."

The voting populations after redistricting were as follows: 1st district 511; 2nd district 430; 3rd district 657; 4th district 841; and 5th district 672. As a result of the redistricting the City of Mobridge containing more than two-fifths of the voting population of the county was divided into two districts, the 4th and 5th. It is conceded that this complies with statutory requirements and no issue arises as to these two districts. See Codington County v. Board of Com'rs of Codington County, 47 S.D. 520, 199 N.W. 594. A plan of redistricting together with a map showing boundaries of proposed districts was submitted to the county board

by certain protesting taxpayers. Under this plan the three districts outside of the City of Mobridge according to the number of votes cast at the last general election prior to the meeting of the board had voting populations of 615, 576 and 407.

The statute in question was considered by this court in State ex rel. Cook v. Richards, 61 S.D. 28, 245 N.W. 901, 906, wherein we said: "It is perfectly plain that the question of how a county shall be divided into commissioner districts is primarily a political and administrative matter for the legislative branch of government rather than the judicial, just as is the division of the state into counties or into legislative districts. The Legislature, however, in intrusting the division of counties to the boards of county commissioners, has seen fit to provide by section 5864, R.C.1919 (SDC 12.0608), that the commissioners in establishing such districts observe certain general requirements. * * * The determinations of fact which the county commissioners must make in order to comply with the statute involve the exercise of quasi judicial power, and the interpretation of the statute and whether the commissioners have complied therewith are judicial questions. To the extent of those matters the action of the county commissioners may be reviewed by the courts upon proper appeal. County of Codington v. Board of County Com'rs, 1924, 47 S.D. 520, 199 N.W. 594, 595. Otherwise the matter rests in the administrative discretion of the commissioners. It is to be noted also that the limitations imposed by the statute are not fixed and inelastic, but the statute takes practicability into consideration."

■■ Considerable variation in the number of voters in commissioner districts of a county may unavoidably result in view of the mandatory requirements that no voting precinct shall be divided, that no city shall comprise more that two districts, and that despite sparsity of population no commissioner district shall embrace more than one-half of the area of a county. The statutory requirement is that each district shall include "as near as may be within one hundred of the same number of votes". In other words inequalities in excess of one hundred must be avoided in so far as may be practicable. Until the contrary is clearly

established, it is presumed that public officers have done their duty and acted within the limits of their statutory powers. Adamson v. Minnehaha County, 67 S.D. 423, 293 N.W. 542. The burden was on the appellant to show that the disparity in voting population was avoidable. The three districts in question had a voting population of 1,598. The redistricting by the county board resulted in a disparity of 227. The disparity in the alternative plan of redistricting submitted to the county board was 208. This is a minor difference in voting population and without other showing of a more feasible plan in avoiding disparity we cannot say that the county board abused its discretion and failed in this regard to comply with the terms of the statute. Counsel for appellant has cited State ex rel. Waldecker v. Anderson, 70 S.D. 541, 19 N.W.2d 526. It affirmatively appears therein that the resulting disparity in redistricting by the county board was avoidable. The boundaries could be so adjusted that each district would contain within one hundred of the same number of votes by dividing a city and placing one ward with outlying territory in one commissioner district and two wards in another.

■ We now consider the claim that the county board ignored the statutory requirement that the commissioner districts shall be as regular and compact in form as practicable. Appellant contends that the county would have been divided into districts with more compactness if the plan submitted by protesting taxpayers and as exhibited on the map filed with the board had been adopted. What was said by the court in State v. Tindell, 112 Kan. 256, 210 P. 619, 622, with respect to a situation somewhat similar to that presented in the instant case applies here: "Doubtless another map could be made showing the possibility of redistricting the county so that each district would contain more nearly an equality of population and compactness of territory than would even result from the plan suggested." As in the case of inequality in voting population, it is not every deviation in compactness that can be interfered with and further action required. The duty and power to redistrict a county requires the exercise of discretion and judgment. The legislature has placed this discretion in the county board. If the county

board does not misconceive its duty or power or unreasonably deviate from the standard fixed by statute and the proper exercise of its discretion, the courts will not interfere. State ex rel. Cook v. Richards, supra. Conceding that the districts are not as compact as they could have been made, we cannot say that the county board failed to exercise a proper discretion in compliance with the statute.

Defendants made a motion to quash the writ of certiorari on the ground that petitioner was not a party beneficially interested. The conclusion that defendants must prevail renders the contention that the court should have quashed the writ immaterial to a disposition of the appeal.

The judgment appealed from is affirmed.

All the judges concur.