CAMPBELL COUNTY, Respondent v. JOHNSON et al., Appellants

(141 N.W.2d 475)

(File No. 10226.  Opinion filed April 5, 1966)

**Andrew Aberle,** Timber Lake, for defendants and appellants.

**Paul O. Kretschmar,** Eureka, **Erwin L. Wiest,** Herried, for plaintiff and respondent.

NORBECK, Circuit Judge.

Appellants, County Commissioners of Campbell County, appeal from a circuit court judgment adjusting boundaries of county commissioner districts in Campbell County.

██ Respondent raises the question of the right of appellants, Board of County Commissioners, to appeal the decision of the Circuit Court. It was decided in Codington County v. Board of Commissioners of Codington County, 47 S.D. 520, 199 N.W. 594, that adjusting county commissioner district boundaries required the exercise of quasi-judicial power, and the order was reviewable. The fact that in the instant case the Circuit Court made a final judgment does not require a different holding. County School Board of Pennington County v. Cottonwood School District No. 41 of Pennington County, 81 S.D. 530, 137 N.W.2d 882, is distinguished as it has been held that when a County Board

of Education adjusted boundaries, its decision was "made in its capacity of a tribunal exercising delegated legislative authority".

The assignments of error raised by appellants are: 1. The trial court erred in its judgment that the disparity in voting population was avoidable and was an abuse of discretion; 2, respondents did not submit any plan nor introduce any evidence whereby each district could have contained as near as within 100 of the same number of votes and introduced no evidence nor records that appellants abused their discretion in redistricting, and; 3, the trial court erred in its judgment by dividing election precincts in establishing county commissioner districts.

■ Voting population in the respective commissioner districts as determined by the Board and by the court on appeal are as follows:

| District | I | II | III | IV | V |
|---|---|---|---|---|---|
| Board—population | 357 | 281 | 236 | 415 | 370 |
| Court—population | 302 | 312 | 329 | 419 | 303 |
| Percentage of voters | | | | | |
| Board | 21.5% | 17.0% | 14.2% | 25.0% | 22.3% |
| Court | 18% | 19% | 20% | 25% | 18% |

It is apparent that the difference in voter representation under the decision of the board ranged from one commissioner to represent 415 in District IV to one commissioner to represent 236 in District II, a disparity of 179. Such apportionment does not meet the statutory test of "as near as may be within one hundred of the same number of votes" (SDC 12.0608) and certainly not the "one person, one vote" doctrine.

■ The apportionment plan of the court ranged from one commissioner to 419 in District IV to one commissioner to represent 302 in District I, a disparity of 117, which very nearly meets the letter of the statutory requirement, and certainly the spirit. Does it satisfy "one person, one vote"? County commissioner districts are made up of election precincts. These are Townships in rural areas, and Wards in towns and cities. Inasmuch as peo-

ple have the right to determine where they will live, and it is most desirable, if not necessary, to have a system to use in districting a county, it is impossible and unrealistic to believe "one person, one vote" could be achieved to an exact mathematical division. The distribution of 302, 312, 329, 419 and 303 voters per district which on a percentage basis is 18%, 19%, 20%, 25% and 18% does provide "substantially equal" representation. Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506.

The Board apprehended that inasmuch as the County Commissioners had combined wards in Pollock for voting purposes, that they could not be broken up. It is the duty of the governing body of the municipality to divide it into wards—not less than 3 nor more than 5 in a town. Each ward shall be contiguous territory and have as nearly as practicable the same number of inhabitants. SDC 45.0404. Each ward constitutes an election precinct, subject to exceptions not material in this case. SDC 1960 Supp. 16.0801.

■ The action of the Circuit Court in placing one ward of Pollock in one commissioner district and the other three wards in another district was permissible, although it may have the result of nullifying a previous combining of wards for voting purposes.

■ In the remaining assignment of error, appellants complain the respondents did not submit a plan of redistricting and introduced no evidence that appellants abused their discretion in redistricting, relying on State ex rel. Waldecker v. Anderson, et al., Board of County Commissioners of Perkins County, 70 S.D.541, 19 N.W.2d 526, and State ex rel. Gosch v. Lemler et al., 77 S.D. 23, 84 N.W.2d 418. These cases are distinguished as they are predicated upon certiorari, while the instant case is an appeal by the State's Attorney, and by statute must be tried de novo.

Affirmed.

RENTTO, P. J., and ROBERTS, HANSON and BIEGELMEIER, JJ., concur.

NORBECK, Circuit Judge, sitting for HOMEYER, J., disqualified.