CARMELO BERRÍOS RIVERA, peticionario, *v.* LA CORTE DE DISTRITO DE SAN JUAN, HON. PABLO BERGA, JUEZ, demandada.

No. 756.—*Sometido:* Junio 3, 1931. *Resuelto:* Junio 5, 1931.

*V. Polanco de Jesús,* abogado del peticionario; *Attorney General James R. Beverley* y *A. Ortiz Toro,* Primer Subprocurador General Auxiliar, abogados de la Comisión Industrial, interventora.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se ha presentado en este caso una larga moción de reconsideración. Estamos enteramente conformes con la mayor parte de lo que en ella se dice en cuanto al significado de la ley envuelta y a las funciones independientes e interdependientes de la Comisión Industrial, de la Oficina del Superintendente de Seguros y del Negociado de Compensaciones a Obreros del Departamento de Hacienda, pero no podemos estarlo en que corresponde al Superintendente decidir por sí lo que corresponde decidir a la propia Comisión Industrial reconsiderando su decisión o a los tribunales de justicia revisando la decisión de la Comisión.

Puede que tenga razón el Superintendente en cuanto a que el caso concreto de que se trata no era uno propio para concederse como se concedió por la Comisión la indemnización solicitada, pero lo cierto es que la Comisión actuó, juzgó las pruebas y decidió. La ley establece los recursos apropiados para corregir el error en que pueda incurrir la Comisión. Y la ley debió ser obedecida y seguida por el Superintendente.

Claro es que una sentencia dictada sin jurisdicción es una mera nulidad, pero aquí la Comisión tenía jurisdicción para actuar. Si juzgando mal las pruebas o interpretando indebidamente la ley, consideró como propio un caso impropio de indemnización, es cuestión que debe dilucidarse y resolverse en la forma indicada.

Dándonos cuenta de la peculiaridad del caso y tratándose de leyes e instituciones nuevas, fué que dictamos la resolu-

374

ción en la forma en que aparece, esto es, permitiendo una más amplia investigación, si el Tesorero se niega a cumplir el auto condicional que se expida, todo ello, desde luego, dentro de las normas generales establecidas, esto es, que las facultades del Superintendente, de acuerdo con la ley, no alcanzan a revisar para dejar sin efecto por sí mismo las resoluciones de la Comisión Industrial en el caso de que a su juicio no fueren dictadas de acuerdo con los hechos y la ley.