CARMELO BERRÍOS RIVERA, demandante y apelado, *v.* EL TESORERO DE PUERTO RICO, HON. MANUEL V. DOMENECH, demandado y apelante.

No. 6202.—*Sometido:* Diciembre 20, 1932. *Resuelto:* Julio 11, 1933.

*Hon. Procurador General Charles E. Winter, Arturo Ortiz Toro, Procurador General Auxiliar* y *Virgilio Brunet,* abogados del apelante; *V. Polanco de Jesús,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Este es un caso de *mandamus* que viene por segunda vez a esta Corte Suprema. Interpuesto por Carmelo Berríos contra el Tesorero de Puerto Rico, fué fallado en contra suya por la corte de distrito. Recurrió Berríos, en *certiorari,* para ante esta Corte Suprema y obtuvo que la sentencia fuera revocada devolviéndose el caso a la corte de distrito a fin de que expidiera un auto condicional de *mandamus* y continuara la tramitación del mismo aplicando la ley tal como se interpretó en la opinión que sirvió de base a la sentencia de esta corte. *Berríos* v. *Corte,* 42 D.P.R. 160. Pidió reconsideración el Tesorero y su moción fué denegada por los motivos que se consignaron en una opinión que complementa y fija mejor el alcance de la emitida primeramente. *Berríos* v. *Corte,* 42 D.P.R. 372. De nuevo en la corte de distrito el caso de *mandamus* fué fallado sobre las alegaciones en contra del demandado y éste interpuso el presente recurso de apelación.

La corte de distrito entendió que el demandado no planteó cuestión nueva alguna y se sintió obligada a decidir el caso en la forma indicada. El demandado sostiene que levantó una cuestión jurisdiccional que no fué anteriormente levantada y pide que se revoque el fallo de la corte.

La opinión que esta corte emitiera para negar la reconsideración de su sentencia de abril 28, 1931, termina así:

"Puede que tenga razón el Superintendente en cuanto a que el caso concreto de que se trata no era uno propio para concederse como se concedió por la Comisión la indemnización solicitada, pero lo cierto es que la Comisión actuó, juzgó las pruebas y decidió. La ley establece los recursos apropiados para corregir el error en que pueda incurrir la Comisión. Y la ley debió ser obedecida y seguida por el Superintendente.

"Claro es que una sentencia dictada sin jurisdicción es una mera nulidad, pero aquí la Comisión tenía jurisdicción para actuar. Si juzgando mal las pruebas o interpretando indebidamente la ley, consideró como propio un caso impropio de/indemnización, es cuestión que debe dilucidarse y resolverse en la forma indicada.

"Dándonos cuenta de la peculiaridad del caso y tratándose de leyes e instituciones nuevas, fué que dictamos la resolución en la forma en que aparece, esto es, permitiendo una más amplia investigación, si el Tesorero se niega a cumplir el auto condicional que se expida, todo ello, desde luego, dentro de las normas generales establecidas, esto es, que las facultades del Superintendente, de acuerdo con la ley no alcanzan a revisar para dejar sin efecto por sí mismo las resoluciones de la Comisión Industrial en el caso de que a su juicio no fueren dictadas de acuerdo con los hechos y la ley."

Y la nueva cuestión jurisdiccional levantada fué la de que el asegurador en el caso, Fondo del Estado, no fué oído por la Comisión Industrial en el procedimiento en que dictó la resolución que se pretende ejecutar por medio del auto de *mandamus*.

Tiene razón a nuestro juicio el apelante. La ley del caso es que "Dictada resolución por la Comisión Industrial en el ejercicio de sus facultades cuasi judiciales y firme por no haberse apelado, el Superintendente General de Seguros, por sí mismo, no puede dejar dicha resolución sin efecto, o prescindir de ella o declararla nula e ineficaz porque a su juicio la comisión apreció mal los hechos y aplicó indebidamente la ley." *Berríos* v. *Corte,* 42 D.P.R. 160. Pero ella presupone que la resolución de la Comisión se hubiere dictado

con jurisdicción. De otro modo constituiría, como se dijo al declarar sin lugar la reconsideración, una mera nulidad que no podría ejecutarse.

La Comisión tenía poder para juzgar y decidir el caso de acuerdo con las alegaciones y las pruebas, pero no lo tenía para resolverlo sin dar una oportunidad de oír a las partes interesadas. Y si el asegurador es el Fondo del Estado, debe dársele la oportunidad de defenderse antes de que pueda ser condenado, lo mismo que a cualquier otro asegurador. "En sus funciones cuasi judiciales la Comisión Industrial representará únicamente el interés público." Sección 7, Ley No. 85 de 1928 (pág. 631) enmendada en 1929 (Ley No. 40, pág. 223). En tales casos debe considerarse como parte en el procedimiento el Negociado de Compensaciones a Obreros a que se refiere el apartado (c) de la sección de la ley sobre la materia que acabamos de citar. Es partiendo de la base de que se siga el procedimiento de tal modo que se explica la existencia en la ley del párrafo final de su sección 24 que citamos en la opinión de abril 28, 42 D.P.R. 167 y a virtud del cual dijimos que no habiendo pedido el Superintendente su revisión había quedado firme la resolución de la Comisión Industrial.

La ley tal como queda interpretada por ésta y por las anteriores opiniones emitidas—42 D.P.R. 160 y 372—es que cuando la Comisión Industrial representando únicamente el interés público actúa para decidir sobre la indemnización que debe pagarse a un obrero a virtud de los hechos y la ley y dicho obrero está asegurado en el Fondo del Estado, no puede el Superintendente General de Seguros por sí mismo, como árbitro final, dejar sin efecto dicha resolución, pero en tal caso el Fondo del Estado debe ser reconocido y tratado como cualquier otro asegurador dándosele intervención en los procedimientos y pudiendo establecer contra la resolución los recursos que a cualquier otro asegurador se otorguen.

Por virtud de todo lo expuesto, debe revocarse la sentencia recurrida devolviéndose el caso a la corte de distrito de su

origen para que se dé al demandado oportunidad de probar los siguientes extremos:

"1. Que el Asegurador Fondo del Estado, representado por el Superintendente de Seguros no fué en ningún momento citado o notificado por la Comisión Industrial antes de proceder dicha Comisión Industrial a dictar resolución en el caso.

"2. Que la Comisión Industrial dictó su resolución del 2 de diciembre de 1929 en el ya expresado caso Núm. 20704 de Comisión Industrial basándose única y exclusivamente en el informe rendido por el patrono Municipio de Morovis dando cuenta del accidente sufrido por Carmelo Berríos Rivera, sin ofrecer oportunidad alguna al Asegurador Fondo del Estado para comparecer ante dicho organismo y formular las alegaciones que creyera justas y convenientes."

Si los prueba, claro es que la resolución cuya ejecución se pide sería enteramente nula y que la petición de *mandamus* deberá en tal virtud declararse sin lugar.