RAFAEL GARCÍA SOLER, peticionario, *v.* LA CORTE DE DISTRITO DE MAYAGÜEZ, HON. CHARLES E. FOOTE, JUEZ, demandada.

No. 899.—*Sometido:* Abril 10, 1933. *Resuelto:* Julio 14, 1933.

*Guerra-Mondragón & Soldevila,* abogados del peticionario; *R. Soltero Peralta* y *Virgilio Brunet,* abogados del lesionado, interventor.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de *certiorari.* Se alegó que la Comisión Industrial se había extralimitado en su jurisdicción al dejar sin efecto cierta resolución que anteriormente dictara y que la Corte de Distrito de Mayagüez había actuado en contra de la ley al resolver el recurso de revisión ante ella entablado con tal motivo, y el auto fué expedido.

Tenemos a la vista además de nuestro propio expediente, el de la Comisión Industrial y el de la Corte de Distrito de Mayagüez. Se han presentado alegatos estudiando ampliamente en sus diferentes aspectos todas las cuestiones envueltas.

Ante la Comisión Industrial de Puerto Rico se tramitó el caso No. 13790 sobre incapacidad parcial permanente del obrero Hipólito González a consecuencia de una lesión que sufriera mientras trabajaba para su patrono Rafael García Soler el 17 de abril de 1929, en una carretera en construcción en la municipalidad de Maricao.

En septiembre 25, 1929, la Comisión resolvió el caso con-

cediendo al obrero $550 de indemnización que debería pagar el Fondo del Estado por estar asegurado en él el patrono. Librada la orden de pago fué devuelta sin satisfacer en octubre 24 por el Tesorero de Puerto Rico con la manifestación de que el patrono no estaba asegurado en el Fondo del Estado. En octubre 30, 1929, la Comisión, por su propio acuerdo, dejó sin efecto su resolución de septiembre 15, y abrió el caso, señalando nueva vista con citación de las partes. En diciembre 9, 1929, el caso quedó definitivamente resuelto por la Comisión en el mismo sentido que anteriormente, pero considerando el patrono como no asegurado en el Fondo del Estado, siendo por tanto personalmente responsable de la indemnización.

Recurrió entonces el patrono para ante la Corte de Distrito de Mayagüez y ésta declaró su recurso sin lugar el 5 de octubre de 1932. En su relación del caso y opinión consignó que a virtud de un estudio cuidadoso de la evidencia y de los alegatos declaraba probados los siguientes hechos:

"1.—Que el querellante, Rafael García Soler, era un patrono asegurado para el trabajo de 'construcción de carretera entre Maricao y el barrio Indiera' durante el año fiscal de 1927–28 habiendo empezado el seguro en 19 de abril de 1928 de acuerdo con la Ley No. 102 de 1925, habiendo expirado dicha póliza al entrar en vigor la Ley No. 85 de 1928 allá en 14 de mayo de 1928.

"2.—Que el accidente sufrido por el obrero Hipólito González Torres ocurrió el día 17 de abril de 1929.

"3.—Que el patrono querellante, Rafael García Soler, no obtuvo ni tenía vigente póliza alguna de seguro de obreros para la fecha del accidente.

"4.—Que dicho patrono obtuvo en 24 de mayo de 1929, o sea, 37 días después del accidente, una póliza de seguro de obreros del Fondo del Estado.

"5.—Que las resoluciones de 30 de octubre y 9 de diciembre de 1929 adoptadas por la querellada, Comisión Industrial, son perfectamente válidas y dictadas de acuerdo con sus facultades jurisdiccionales y en el ejercicio de sus poderes como organismo cuasi judicial."

Fué entonces que el patrono se dirigió ante esta Corte Suprema mediante este recurso de *certiorari*. Sostiene fuertemente que una vez dictada por la Comisión la resolución de septiembre 25, 1929, que quedó firme porque ni el patrono, ni el obrero, ni el Fondo del Estado recurrieron de ella, actuó sin jurisdicción la Comisión al dejarla sin efecto en 30 de octubre, 1929, y al resolver el caso de nuevo en diciembre 9, 1929. Cita el caso de *Berríos* v. *Corte,* 42 D.P.R. 160 y 372, así:

"No actuó dentro de la ley y la resolución quedó firme y es obligatoria y final, según las propias palabras del estatuto, secciones 19 y 12, debiendo procederse a su ejecución tal como prescriben las secciones 24, 25 y 41. Berríos v. Corte, 42 D.P.R. 160, 168.

". . . La ley establece los recursos apropiados para corregir el error en que pueda incurrir la Comisión. Y la ley debió ser obedecida y seguida por el Superintendente. Berríos v. Corte, 42 D.P.R. 372, 373."

■ De acuerdo con lo que se resuelve en el propio caso de Berríos, supra, la Comisión actúa en estos casos como un organismo cuasi judicial y en tal virtud tiene poder a nuestro juicio para inspeccionar y corregir sus propias resoluciones a fin de ajustarlas a la ley y a la justicia. Y al inspeccionar la que aquí dictara el 25 de septiembre de 1929, se dió cuenta de que había partido al pronunciarla de una base errónea, a saber, la de que el Fondo del Estado era el asegurador cuando en verdad no lo era. Si el caso se hubiera tramitado con la intervención del Fondo del Estado y éste no hubiera hecho tal alegación o si habiéndola hecho la Comisión apreciando las pruebas la hubiera decidido en contra suya, la situación sería distinta; pero habiéndose tramitado y decidido el caso sin oír al asegurador Fondo del Estado, el procedimiento era totalmente nulo y la Comisión pudo y debió actuar en la forma en que lo hizo.

Hace sólo unos días, el 11 de julio actual, en el caso de *Berríos* v. *Domenech, Tesorero,* ante pág. 344, esta corte se expresó así:

"La Comisión tenía poder para juzgar y decidir el caso de acuerdo con las alegaciones y las pruebas, pero no lo tenía para resolverlo sin dar una oportunidad de oír a las partes interesadas. Y si el asegurador es el Fondo del Estado, debe dársele la oportunidad de defenderse antes de que pueda ser condenado, lo mismo que a cualquier otro asegurador. 'En sus funciones cuasi judiciales la Comisión Industrial representará únicamente el interés público.' Sección 7, Ley No. 85 de 1928, enmendada en 1929. En tales casos debe considerarse como parte en el procedimiento el Negociado de Compensaciones a Obreros a que se refiere el apartado (c) de la sección de la Ley sobre la materia que acabamos de citar. Es partiendo de la base de que se siga el procedimiento de tal modo que se explica la existencia en la ley del párrafo final de su sección 24 que citamos en la opinión de abril 28, 42 D.P.R. 167, y a virtud del cual dijimos que no habiendo pedido el Superintendente su revisión había quedado firme la resolución de la Comisión Industrial.

"La ley tal como queda interpretada por ésta y por las anteriores opiniones emitidas—42 D.P.R. 160 y 372—es que cuando la Comisión Industrial representando únicamente el interés público actúa para decidir sobre la indemnización que debe pagarse a un obrero a virtud de los hechos y la ley y dicho obrero está asegurado en el Fondo del Estado, no puede el Superintendente General de Seguros por sí mismo, como árbitro final, dejar sin efecto dicha resolución, pero en tal caso el Fondo del Estado debe ser reconocido y tratado como cualquier otro asegurador dándosele intervención en los procedimientos y pudiendo establecer contra la resolución los recursos que a cualquier otro asegurador se otorguen."

Las otras cuestiones suscitadas van a los méritos del caso y no estamos obligados a considerarlas y a resolverlas dentro de este recurso de *certiorari*. Deseamos decir, sin embargo, que del rápido estudio que hemos hecho de ellas, nos inclinamos a creer que fueron debidamente resueltas por la Comisión Industrial y la Corte de Distrito de Mayagüez.

*Debe anularse el auto expedido, devolviéndose los récords a la corte de distrito a los fines procedentes.*