RAFAEL GARCÍA SOLER, peticionario, *v.* CORTE DE DISTRITO DE MAYAGÜEZ, HON. CHARLES E. FOOTE, JUEZ, demandada.

No. 899.—*Sometido:* Abril 10, 1933. *Resuelto:* Abril 19, 1934.

*Guerra Mondragón & Soldevila* abogados del peticionario; *R. Soltero Peralta* y *Virgilio Brunet,* abogados del lesionado, interventor.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

Pende de resolverse en este caso una moción de reconsideración. No se atacan en la moción los fundamentos de la opinión emitida para basar la sentencia que se se pide que se deje sin efecto, pero se sostiene que el tribunal omitió resolver cierta cuestión suscitada por el peticionario que constituye por sí sola fundamento bastante para declarar con lugar el *certiorari,* a saber: que la comisión actuó sin haber citado al peticionario como patrono.

Los hechos del caso se narran en la opinión de que se ha hecho mérito .(*García Soler* v. *Corte,* 45 D.P.R. 391), y a nuestro juicio el caso fué resuelto por la comisión con la intervención del patrono, cumpliéndose substancialmente con lo exigido por la ley. El patrono compareció personalmente y declaró ante la comisión. Como ésta dice en una resolución de noviembre 20, 1929, "en el caso de Hipólito González, 13790, (PP), compareció el patrono y, bajo juramento prestado en debida forma, declaró lo que aparece de la transcripción del récord taquigráfico de esta vista que aparece en el expediente, por la cual declaración admite el accidente y se compromete a radicar los comprobantes creditivos de haber hecho efectivas las primas correspondientes al Fondo del Estado para el seguro de sus obreros."

Sigue una constancia de noviembre 25, 1929, que expresa: "En el caso de Hipólito González, 13790, se da cuenta con la documentación que envía el patrono, Sr. Rafael García Soler, para demostrar que está asegurado en el Fondo del Estado, y la Comisión acuerda que se una dicha documentación al expediente del caso y éste pase a ponencia."

Y es después que la comisión lo examina todo que dicta la resolución definitiva de diciembre 9, 1929.

La circunstancia de que para la citación del patrono se usara el impreso destinado para citar a los testigos, constituye una irregularidad, pero ante los hechos ocurridos luego,

esa irregularidad carece de importancia. El patrono tuvo la oportunidad de ser oído y fué oído y presentó su documentación sobre el único punto a dilucidar, a saber: si estaba o no realmente asegurado en el Fondo del Estado.

Además, de la resolución de diciembre 9, 1929, recurrió el patrono para ante la corte de distrito planteando de nuevo todo su caso ante dicho tribunal. Para resolverlo la corte oyó prueba y fué ilustrada por las partes por medio de alegatos y ya conocemos sus conclusiones. *García* v. *Corte*, supra. Bastará recordar dos de ellas:

"3. Que el patrono querellante, Rafael García Soler, no obtuvo ni tenía vigente póliza alguna de seguro de obreros para la fecha del accidente.

4. Que dicho patrono obtuvo en 24 de mayo de 1929, o sea, 37 días después del accidente, una póliza de seguro de obreros del Fondo del Estado."

No se trata, pues, de un caso de indefensión. El patrono tuvo oportunidad de ser oído y lo fué ante la Comisión y ante la corte de distrito. Su contención fué resuelta en su contra por sus méritos. Si los méritos se apreciaron o no debidamente no es cuestión que estemos obligados a considerar dentro de este recurso de *certiorari*. Por eso terminamos nuestra anterior opinión como sigue:

"Las otras cuestiones suscitadas van a los méritos del caso y no estamos obligados a considerarlas y a resolverlas dentro de este recurso de certiorari. Deseamos decir, sin embargo, que del rápido estudio que hemos hecho de ellas, nos inclinamos a creer que fueron debidamente resueltas por la Comisión Industrial y la Corte de Distrito de Mayagüez."

*No ha lugar a la reconsideración solicitada.*