JUAN S. MANGUAL, en su carácter de ALCALDE DEL MUNICIPIO DE JUANA DÍAZ, peticionario, *v.* HON. ALBERTO S. POVENTUD, en su carácter de JUEZ DE LA CORTE DE DISTRITO DE PONCE, demandado.

Núm. 1499.—*Sometido:* Febrero 10, 1943. *Resuelto:* Febrero 23, 1943.

418

*Felipe Colón Díaz,* abogado del peticionario; *R. Hernández Matos* y *G. Silva,* abogados del interventor, querellado en el pleito principal.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

El Alcalde del Municipio de Juana Díaz radicó ante esta Corte Suprema una petición de *certiorari,* y en ella nos pide que revisemos y anulemos la sentencia de diciembre 4 de 1942, dictada por la Corte de Distrito de Ponce, en cierto procedimiento administrativo iniciado por el Alcalde peticionario contra Sixto Acosta, Secretario Auditor de dicho municipio. Haremos un resumen de los hechos.

El Alcalde peticionario formuló tres cargos al Secretario Municipal, en agosto 20 de 1941. Los cargos, brevemente expuestos, eran los siguientes:

1. Haber despedido a una sirvienta del Hospital Municipal, la cual ocupaba el puesto interinamente en substitución de la empleada regular.

2. Haber faltado el respeto al Alcalde, provocándole de palabras, echándole de su oficina, y apuntándole y amenazándole con un revólver.

3. Haber nombrado a cierta persona para *nurse* graduada del Hospital Municipal, sin la autorización del Alcalde.

En el acto de la vista de los cargos, el Secretario querellado radicó una petición para que el Alcalde se inhibiese, alegando que el mismo abrigaba pasión y prejuicio contra el querellado. Denegada la petición de inhibición, el Alcalde procedió a la vista de los cargos. El querellado se abstuvo de contrainterrogar a los testigos de cargo y renunció su derecho a presentar prueba en apoyo de su contestación.

En septiembre 12, 1942 el Alcalde aquí peticionario dictó resolución declarando probados todos los cargos y destituyendo a Sixto Acosta de su empleo de Secretario Auditor. Acudió éste ante la Corte de Distrito de Ponce en solicitud de revisión de los procedimientos, alegando, entre otras cosas, que el Alcalde había cometido grave error al no declarar con lugar la petición de inhibición. La Corte de Distrito de Ponce dictó sentencia anulando la resolución recurrida, por el fundamento de que el Alcalde querellante debió declarar con lugar la moción de inhibición y abstenerse de conocer de los cargos por él mismo formulados. En julio 29 de 1942 esta Corte Suprema revocó dicha sentencia y devolvió el caso a la corte inferior para ulteriores procedimientos no inconsistentes con la opinión que aparece publicada en 60 D.P.R. 824.

En la petición de certiorari radicada ante esta Corte Suprema, el Alcalde peticionario alega:

Que habiéndose sometido el caso por segunda vez a la Corte de Distrito de Ponce, ésta dictó una nueva sentencia anulando la resolución por la cual se destituyó al Secretario Acosta y ordenando que éste sea repuesto en el cargo que ocupaba, con derecho a percibir los sueldos devengados mientras estuvo suspendido de empleo y sueldo, con imposición de las costas al Alcalde peticionario. El juez sentenciador hizo constar en su Relación del Caso y Opinión que "después de considerar ampliamente el pro y el contra de la suficien-

cia de los cargos y de la evidencia presentada en apoyo de los mismos, somos de opinión que tomados en conjunto los cargos y dicha prueba, no hubo causa justa para la destitución de Sixto Acosta. . . . ''

Alega el peticionario que el juez sentenciador cometió grave error y actuó con pasión, prejuicio y parcialidad (a) al dejar de aplicar el artículo 36 de la vigente Ley Municipal que preceptúa que la destitución de funcionarios municipales por el Alcalde deberá hacerse por justa causa, siendo el Alcalde el llamado a resolver qué constituye tal justa causa; (b) al declarar que la prueba presentada no demostraba que hubiera justa causa para la destitución, en contravención a la ley del caso sentada por el Tribunal Supremo al resolver en el recurso anterior que el Alcalde no había demostrado pasión, prejuicio o parcialidad al formular los cargos, ni tampoco al presidir la vista de los mismos; (c) al ignorar los preceptos legales que le obligan a revisar la prueba únicamente con el objeto de ver si se ha presentado alguna evidencia, sin que tenga poder el magistrado de la corte inferior para entrar a considerar el peso de la prueba. En apoyo de sus contenciones, el Alcalde peticionario cita la decisión de esta Corte Suprema en *González* v. *Todd*, 40 D. P.R. 181.

El auto expedido en el presente caso debe ser anulado, por las razones que pasamos a exponer.

■■ La sección 29 de la Ley estableciendo un sistema de gobierno local para los municipios de Puerto Rico (Ley núm. 53 de 1928, pág. 335), según quedó enmendada por la Ley núm. 98 de 15 de mayo de 1931 (pág. 595), prescribe en lo pertinente lo que sigue:

''Los funcionarios administrativos y empleados municipales sólo podrán ser removidos de sus puestos por el alcalde, y de esta decisión podrán apelar en un solo efecto, el funcionario o empleado perjudicado para ante la corte de distrito correspondiente, *la cual deberá considerar y resolver las cuestiones de hecho y derecho* envueltas en la apelación dentro de un plazo no mayor de treinta días desde la

radicación de la demanda en apelación, y de la sentencia que dictare la corte de distrito resolviendo las cuestiones planteadas, no podrá apelar ninguna de las partes...." (Itálicas nuestras.)

Se ve claramente que la intención del legislador ha sido que el de la corte de distrito correspondiente sea el último juez sobre las cuestiones de hecho y de derecho que puedan levantarse en una apelación interpuesta por un funcionario municipal contra la resolución de un alcalde destituyéndole. Por ser definitiva e inapelable, es que el Alcalde, inconforme con la sentencia anulatoria de su resolución, se ha visto obligado a recurrir al procedimiento extraordinario de *certiorari,* de acuerdo con la Ley de 10 de marzo de 1904.

La decisión en *González* v. *Todd, Alcalde,* supra, en nada ayuda al peticionario. Dicho caso vino ante esta Corte por virtud de apelación interpuesta por la Sra. González contra la sentencia dictada por la Corte de Distrito de San Juan, desestimando el recurso de certiorari por ella interpuesto y en el que solicitó la revisión de los procedimientos seguidos por el Alcalde de San Juan para destituirla de su cargo en el Hospital Municipal. El artículo 29 de la Ley Estableciendo un Sistema de Gobierno Local y Reorganizando los Servicios Municipales, de julio 31 de 1919 (Ley núm. 85 de 1919, pág. 685), según fué enmendado por la Ley núm. 11 de 25 de junio de 1924 (pág. 77), que era el estatuto vigente en la fecha en que fué destituída la Sra. González, concedía al alcalde la facultad de destituir, por justa causa y previa audiencia y oportunidad de defenderse, a todos los funcionarios y empleados municipales, pero no concedía al destituído recurso alguno de apelación contra la resolución del alcalde. Fué por esa circunstancia que la Sra. González se vió obligada a acudir a la corte de distrito, en petición de un auto de certiorari, en la que alegó que la resolución dictada por el alcalde no estaba justificada por la prueba, que no existía justa causa para su destitución y que el alcalde había actuado ilegalmente, en exceso de su jurisdicción. Esta Corte

resolvió, citando a *Piovanetti* v. *Asamblea Municipal de Yauco,* 31 D.P.R. 522; y *Coll* v. *Todd, Alcalde,* 35 D.P.R. 625, que aceptando que el procedimiento de certiorari es el adecuado para revisar la resolución del alcalde, la corte de distrito solamente podía investigar si el alcalde tenía o no jurisdicción o si se excedió en el ejercicio de la misma o si el procedimiento seguido para ejercitarla fué erróneo.

La ley ahora vigente (Sec. 29, Ley núm. 53 de 1928, enmendada por la Ley núm. 98 de mayo 15, 1931), supra, concede al empleado destituído el derecho de apelación para ante la corte de distrito y a ésta la facultad de ''considerar y resolver las cuestiones de hecho y derecho'', la cual lleva envuelta la de pasar sobre la suficiencia o insuficiencia de la prueba. Si la resolución destituyendo al empleado es revocada, el alcalde no puede apelar para ante la Corte Suprema, pues el estatuto dispone, como ya hemos visto, que ''de la sentencia que dictare la corte de distrito resolviendo las cuestiones planteadas, no podrá apelar ninguna de las partes''. Sí puede la parte perdidosa recurrir ante esta Corte, como lo hizo en este caso el Alcalde, en petición de un auto de certiorari.

Es doctrina firmemente establecida por la abundante jurisprudencia de esta Corte Suprema la de que dentro del procedimiento de certiorari clásico autorizado por la ley de marzo 10 de 1904, solamente podemos considerar y resolver si la corte inferior tenía jurisdicción para actuar en el caso y para resolver por sus méritos las cuestiones que le fueron sometidas, y si el procedimiento por ella seguido se ajustó a las prescripciones legales. *Pueblo* v. *Corte,* 44 D.P.R. 703; *García Soler* v. *Corte,* 45 D.P.R. 391; *García Soler* v. *Corte,* 46 D.P.R. 540; *Díaz* v. *Corte,* 55 D.P.R. 421.

El peticionario no ha impugnado la jurisdicción de la Corte *a quo* para dictar la sentencia revocatoria de la resolución por él dictada. Tampoco se queja de que los procedimientos seguidos ante dicha corte se hayan apartado de

las prescripciones de la ley. Solamente se queja de la apreciación que de la prueba ha hecho la corte inferior. Y en eso, aun cuando estamos inclinados a diferir de la opinión del juez sentenciador, no podemos intervenir.

*Debe anularse el auto expedido y declararse sin lugar la petición.*